IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DARRIN C. LAVINE, TRUSTEE, TWM PROPERTIES, PRO-SE, | § § § § § | |
| Plaintiff, | § | |
| v. | § § | Civil Action No. 4:15 cv 671 |
| ARGENT MORTGAGE, ET AL. | § § § | |
| Defendants. | § | |

### DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND BRIEF IN SUPPORT THEREOF

Respectfully submitted,

/s/ Jeremy A. Roberts
**Tanya N. Garrison**
Texas Bar No. 24027180
Tgarrison@wkpz.com
**Jeremy A. Roberts**
Texas Bar No. 24083742
Jroberts@wkpz.com
WEYCER KAPLAN PULASKI & ZUBER P.C.
11 Greenway Plaza, Ste. 1400
Houston, Texas 77046
(713) 961-9045 (Telephone)
(713) 961-5341 (Facsimile)

**ATTORNEYS FOR DEFENDANT ARGENT MORTGAGE COMPANY LLC**

## TABLE OF CONTENTS

Page No.

I. INTRODUCTION ........................................................................................................4
II. STATEMENT OF ALLEGED FACTS ...........................................................................5
III. ARGUMENT AND AUTHORITIES ..............................................................................6
    A. Legal Standards ..............................................................................................6
    B. Plaintiff Cannot Proceed Pro Se ......................................................................7
    C. Plaintiff Fails to Show Plausible Entitlement to Any Relief ................................7

1. Plaintiff's Misrepresentation Claim (Count I) and Claim that None of the Defendants Had Ownership of the Note at the Time of the Sale (Count IV) Must Be Dismissed    8
2. Plaintiff's Quiet Title Claim (Count III) Must Be Dismissed 11
3. Plaintiff's Claim that Defendants Violated the Texas Civil Practice And Remedies Code § 12.002(a) (Count V) Must Fail    13
4. Plaintiff's Presentment Claim (Count VI) Must Fail  14
5. Plaintiff is Not Entitled to a Declaratory Judgment (Count VIII)    15

IV. CONCLUSION ..........................................................................................................15

# TABLE OF AUTHORITIES

Page(s)

FEDERAL CASES

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009) ..................................................................................................3, 7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ......................................................................................................3, 7

*Blackburn v. City of Marshall*,
    42 F.3d 925 (5th Cir. 1995) ................................................................................................3

*Broyles v. Chase Home Fin.*,
    No. 3:10–CV–2256–G, 2011 WL 1428904 (N.D. Tex. Apr. 13, 2011) ..............................5

*Canaday v. Wells Fargo Bank, N.A.*,
    No. 4:13-CV-324, 2014 WL 605457 (E.D. Tex. Feb. 14, 2014) .........................................5

*Collin County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*,
    915 F.2d 167 (5th Cir. 1990) ............................................................................................12

*Dallas Cnty., Tex. v. MERSCORP, Inc.*,
    2 F. Supp. 3d 938, 946-47 (N.D. Tex. 2014) aff'd ............................................................10

*Dillard Family Trust v. Chase Home Finance, LLC*,
    3:11-CV-1740-L, 2011 WL 6747416 (N.D. Tex. Dec. 23, 2011) .......................................4

*Escuadra v. Geovera Specialty Ins. Co.*,
    No. 1:09-CV-974, 2010 WL 3633009 (E.D. Tex. Sept. 9, 2010) ........................................3

*Farkas v. GMAC Mortg., L.L.C.*,
    737 F.3d 338 (5th Cir. 2013) (per curiam) .........................................................................7

*Golden v. Wells Fargo Bank, N.A.*,
    557 F. App'x 323 (5th Cir. 2014) ................................................................................10, 11

*Guajardo v. Luna,*
    432 F.2d 1324 (5th Cir. 1970) ............................................................................................4

*Harris Cnty. Texas v. MERSCORP Inc.*,
    791 F.3d 545 (5th Cir. 2015) ............................................................................................10

*Holloway v. Wells Fargo Bank, N.A.*,
    No. 3:12-CV-2184-G (BH), 2013 WL 1187156 (N.D. Tex. Feb. 26, 2013) ......................8

*James v. Wells Fargo Bank, N.A.*,
  No. 3:11–CV–2228–B, 2012 WL 778510 (N.D. Tex. Mar. 12, 2012) ...................................... 8

*JP Morgan Chase Bank, N.A. v. Dixon*,
  No. 12–40590, 2013 WL 5514646 (5th Cir. Oct. 7, 2013) ........................................ 7

*Kazmi v. BAC Home Loans Servicing, L.P.*,
  517 Fed. Appx. 228 (5th Cir. Mar. 11, 2013) (per curiam) ........................................ 8

*Kramer v. Fed. Nat'l Mortgage Ass'n*,
  No. 1:12-cv-00276-SS, 2012 WL 3027990 (W.D. Tex. May 15, 2012) .................................. 5

*Lombardi v. Bank of Am.*,
  No. 3:13-CV-1464-O, 2014 WL 988541 (N.D. Tex. Mar. 13, 2014) ........................................ 6

*Martins v. BAC Home Loans Servicing, L.P.*,
  722 F.3d 249 (5th Cir. 2013) .................................................................. 5, 6

*Metcalf v. Deutsche Bank National Trust Co.*,
  No 3:11–CV–3014–D, 2012 WL 2399369 (N.D. Tex. June 26, 2012) ................................ 8, 9

*Preston v. Seterus, Inc.*,
  931 F. Supp. 2d 743 (N.D. Tex. 2013) .......................................................... 9

*Reinagel v. Deutsche Bank Nat. Trust Co.*,
  735 F.3d 220 (5th Cir. 2013) .................................................................. 7, 8

*Sawyer v. Mortgage Elec. Registration Sys., Inc.*,
  No. 3-09-CV-2303-K, 2010 WL 996768 (N.D. Tex. Feb. 1, 2010) ........................................ 5

*Stewart Glass & Mirror, Inc. v. U.S.A. Glas, Inc.*,
  940 F. Supp. 1026 (E.D. Tex. 1996) ............................................................ 4

*Tremble v. Wells Fargo Home Mortgage, Inc.*,
  478 F. App'x 164 (5th Cir. 2012) .............................................................. 11

*U.S. v. Dolenz*,
  3:09-CV-13110-O, 2010 WL 428910 (N.D. Tex. Feb. 2, 2010) ...................................... 4

*Walls v. JPMorgan Chase Bank, NA*,
  No. 4:13-cv-402, 2013 WL 5782999 (E.D. Tex. Oct. 25, 2013) .................................... 12

*Weber v. Garza,*
  570 F.2d 511 (5th Cir. 1978) .................................................................. 4

STATE CASES

*Poag v. Flories*,
  317 S.W.3d 820 (Tex. App.–Fort Worth, 2010, pet. denied) ...................................... 10

Federal Statutes

28 U.S.C. § 1654 ................................................................................................................4

15 USCA 1641 ................................................................................................................12

State Statutes

§ 192.007 of the Government Code ................................................................................9

Tex. Bus. & Com. Code Ann. § 1.101 ..........................................................................11

Tex. Prop. Code § 51.0025 ..............................................................................................7

Texas Civil Practice And Remedies Code § 12.002(a) ..........................................10, 11

Texas Local Government Code § 192.007(a) ............................................................9, 10

Texas Property Code, § 51.001(4)(C) .............................................................................6

UCC ................................................................................................................................11

Federal Rules

Federal Rule of Civil Procedure 12(b)(6) ........................................................1, 3, 4, 12

# DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
## AND BRIEF IN SUPPORT THEREOF

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Argent Mortgage Company, LLC ("Argent") files this its Motion to Dismiss Plaintiff's Complaint and Brief in Support Thereof, and respectfully shows the Court as follows:

## I. INTRODUCTION

Plaintiff Darrin C. Lavine, Trustee for TWM Properties (*pro se*) ("Plaintiff") has filed this lawsuit in an attempt to reverse a foreclosure sale and clear title to property located in Denton County. The property at issue was originally owned by Robert and Michelle Wallace. The Wallaces had obtained a loan to purchase the property in 2006. Also at that time, they granted their lender a deed of trust lien on the property to secure repayment of the debt. The Wallaces failed to pay the debt. Trustee, the assignee of the debt and lien, and SPS, the servicer, foreclosed the deed of trust lien on August 5, 2014. Plaintiff claims he was the owner of the property at the time of the foreclosure by virtue of a warranty deed granted to him by the Wallaces in the prior year, and he complains the foreclosure was wrongful. Plaintiff contends the assignments of the deed of trust to Trustee were improper and void and Trustee's chain of title is broken. He seeks declarations to this effect and an order declaring TMW Properties is the owner of the property.

Plaintiff is not entitled to any such relief. He has failed to provide plausible support for his claims against Defendants. As a matter of well-established law, he lacks standing to complain about the assignments of the Wallaces' loan and he misunderstands Texas foreclosure law. This lawsuit should be dismissed in its entirety with prejudice.

## II. STATEMENT OF ALLEGED FACTS

According to the allegations in Plaintiff's Original Petition & Application for Permanent Injunction (the "Complaint"), which must be taken as true in this Motion,[1] and in reference to the loan documents, which are central to his claims and attached to his Complaint, on or about August 29, 2006, Michelle and Robert Wallace obtained a loan from Argent Mortgage Company, LLC ("Argent") in the amount of $612,750.00 (the "Loan"). (*See* Complaint at ¶ 18; Adjustable Rate Note (the "Note"), attached to the Complaint as Exhibit B.) In connection with this transaction, the Wallaces also executed a Deed of Trust, whereby they granted their lender a lien on the property located at 1915 Seaview Dr., Flower Mound, TX 75022 (the "Property") to secure repayment of the Loan. (Complaint at ¶¶ 19-20; Deed of Trust (the "Deed of Trust"), attached to the Complaint as Exhibit C.) The Deed of Trust was filed in the real property records. (Complaint at ¶ 20.) The Deed of Trust was subsequently assigned to MERS; an assignment was executed and filed in the real property records in 2008. (Assignment of Deed of Trust/Transfer of Lien, attached to the Complaint as Exhibit D.) The Deed of Trust was then assigned to Trustee, and such assignment was executed and filed in the real property records in 2012. (*See* Corporate Assignment of Deed of Trust, attached to the Complaint as Exhibit E.) A Warranty Deed purporting to transfer the Property from the Wallaces to TWM Properties was executed and filed in the real property records in October of 2013. (*See* Warranty Deed, attached to the Complaint as Exhibit A.) The Wallaces failed to make their Loan payments. (*See* Exhibits F, G and H to the Complaint.) In June of 2014, Trustee and SPS elected to accelerate the maturity of the Note, demand payment, and when such payment was not made, they elected to foreclose the Deed of Trust lien. (*See* Notice of Foreclosure Sale, attached to the Complaint

---

[1] Defendants reserve the right to challenge the alleged facts in the Complaint at the appropriate time, if necessary.

as Exhibit F.) The foreclosure sale took place on August 5, 2014. (Foreclosure Sale Deed, attached to the Complaint as Exhibit H.) Trustee was the purchaser at the sale. (*Id.*)

### III. ARGUMENT AND AUTHORITIES

A. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While the factual allegations need not be overly detailed, a plaintiff must provide the grounds of his entitlement to relief, which "requires more than labels and conclusions," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Iqbal*, 129 S.Ct. at 1949 ("'naked assertions' devoid of 'further factual enhancement,'" along with "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth); *Escuadra v. Geovera Specialty Ins. Co.*, No. 1:09-CV-974, 2010 WL 3633009, at *6 (E.D. Tex. Sept. 9, 2010) (noting that dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)). A court may dismiss a complaint under Rule 12(b)(6) if it fails to assert a cognizable legal theory or if the facts asserted

are insufficient to support relief under a cognizable legal theory. *Stewart Glass & Mirror, Inc. v. U.S.A. Glas, Inc.*, 940 F. Supp. 1026, 1030 (E.D. Tex. 1996).

B.  PLAINTIFF CANNOT PROCEED *PRO SE*

As an initial matter, Darrin C. Lavine, who is not an attorney, cannot represent TMW Properties, *pro se*. A non-attorney trustee may not represent a trust *pro se*. Although individuals have the right to represent themselves or proceed *pro se* in federal court pursuant to 28 U.S.C. § 1654, "individuals who do not have a law license may not represent other parties in federal court even on a next friend basis." *Weber v. Garza,* 570 F.2d 511, 514 (5th Cir. 1978); *see Dillard Family Trust v. Chase Home Finance, LLC*, 3:11-CV-1740-L, 2011 WL 6747416, at *5 (N.D. Tex. Dec. 23, 2011) (citations omitted) ("a non-attorney trustee may not represent a trust pro se."); *Guajardo v. Luna,* 432 F.2d 1324 (5th Cir. 1970) (holding that only licensed lawyers may represent others in federal court); *U.S. v. Dolenz*, 3:09-CV-13110-O, 2010 WL 428910 (N.D. Tex. Feb. 2, 2010) (citing *Retired Persons Fin. Serv. Clients Restitution Trust v. U.S. Attorney for the Northern District of Texas*, No. 3-03-CV-2658-D, 2004 WL 937170 at *1 (N.D. Tex. Apr. 29, 2004) (collecting cases). This applies to trustees attempting to represent trusts *pro se*. *Dillard Family Trust*, 2011 WL 6747416, at *5. On this basis alone, Plaintiff's claims should be dismissed at this time.

C.  PLAINTIFF FAILS TO SHOW PLAUSIBLE ENTITLEMENT TO ANY RELIEF

The Complaint should also be dismissed because Plaintiff has failed to show plausible entitlement to any of the relief requested.

> (1) *Plaintiff's Misrepresentation Claim (Count I) and Claim that None of the Defendants Had Ownership of the Note at the Time of the Sale (Count IV) Must Be Dismissed*

Plaintiff has alleged that Defendants Trustee and SPS have made actionable misrepresentations regarding their authority to foreclose. It is not clear whether Plaintiff is

asserting the alleged misrepresentation was negligent or fraudulent. This claim fails regardless of which theory of recovery Plaintiff intended.

First, this claim fails because it is premised on an incorrect assertion that Trustee and SPS were required to prove themselves to be the owner and holder of the Note and Deed of Trust before foreclosing. (*See* Complaint at ¶¶ 51-60.) Plaintiff's characterization of Texas law is incorrect and challenges like his have been consistently rejected – for many years. Courts in this jurisdiction have repeatedly recognized that, under Texas law, a party can foreclose regardless of whether it is the holder or owner of the note. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013) ("[F]oreclosure statutes simply do not require possession or production of the original note."); *Canaday v. Wells Fargo Bank, N.A.,* No. 4:13-CV-324, 2014 WL 605457, at *2 (E.D. Tex. Feb. 14, 2014); *Sawyer v. Mortgage Elec. Registration Sys., Inc.*, No. 3-09-CV-2303-K, 2010 WL 996768, at *3 (N.D. Tex. Feb. 1, 2010) (Texas law does not require a mortgage servicer to be a holder of a note to foreclose); *Broyles v. Chase Home Fin.*, No. 3:10–CV–2256–G, 2011 WL 1428904, at *4 (N.D. Tex. Apr. 13, 2011) (finding the Texas Property Code "contemplates that someone other than the holder of the original note—for example, a mortgage servicer who is not the mortgagee—may lawfully foreclose . . . "); *Kramer v. Fed. Nat'l Mortgage Ass'n*, No. 1:12-cv-00276-SS, 2012 WL 3027990, at *6 (W.D. Tex. May 15, 2012) (finding that allegation that the party needs to hold or own the note to foreclose "flies in the face of Texas statutes governing non-judicial foreclosure under a deed of trust.").

Under the Texas Property Code, "both a mortgagee and [a] mortgage servicer may administer a deed of trust foreclosure without production of the original note." *Lombardi v. Bank of Am.*, No. 3:13-CV-1464-O, 2014 WL 988541, at *7 (N.D. Tex. Mar. 13, 2014) (citing *Crear v. JP Morgan Chase Bank N.A.*, No. 10–10875, 2011 WL 1129574, at *1 n. 1 (5th Cir.

March 28, 2011) (per curiam)).  Based on the plain language of the code governing foreclosure in Texas, ownership or possession of the note is irrelevant to whether a party has authority to foreclose.  *See Martins*, 722 F.3d at 255 ("The party to foreclose need not possess the note itself."); *Warren*, 2014 WL 1315855, at *2 ("possession of the note is not a prerequisite to foreclosure under the Texas Property Code"); *Lombardi v. Bank of Am.*, No. 3:13-CV-1464-O, 2014 WL 988541, at *7 (N.D. Tex. Mar. 13, 2014) (citing *Crear v. JP Morgan Chase Bank N.A.*, No. 10–10875, 2011 WL 1129574, at *1 n. 1 (5th Cir. March 28, 2011) (per curiam)).  For these reasons, Plaintiff's complaint about Trustee's and SPS's failure to show "physical possession of the Note at the time of the [sale]" (Complaint at ¶ 56) is irrelevant.

Second, Plaintiff's misrepresentation claim must fail because the assignments from the real property records establish that Trustee was the mortgagee and that it had authority to foreclose the Property in August of 2014.  The original lender, Argent, first assigned the Deed of Trust to MERS, and recorded the instrument in the real property records in November of 2008.  (*See* Assignment of Deed of Trust/Transfer of Lien, attached to the Complaint as Exhibit D.)  Thereafter, in April of 2012, the second assignment of the Deed of Trust from MERS to Trustee was recorded.  (*See* Corporate Assignment of Deed of Trust, attached to the Complaint as Exhibit E.)  Trustee was the last person to whom the Deed of Trust was assigned of record.  Thus, it qualifies as the mortgagee under the Texas Property Code, §51.001(4)(C).  These recorded public documents are sufficient to establish standing for foreclosure as a matter of law.  *See JP Morgan Chase Bank, N.A. v. Dixon*, No. 12–40590, 2013 WL 5514646, at *4 (5th Cir. Oct. 7, 2013) (citing *Wheeler v. JP Morgan Chase Bank, N.A* ., No. 4:13–cv–364, 2013 WL 3965304, at *3 (S.D. Tex. Aug. 1, 2013)).  Moreover, SPS is the uncontested servicer for the Loan, and it also had authority to foreclose the Property.  *See* Tex. Prop. Code § 51.0025.

Plaintiff attempts to challenge the assignments in the real property records by arguing that Argent must have assigned the Deed of Trust to Trustee in 2007, and therefore the later assignments were improper, void and fraudulent, and caused a break in the chain of title. (*See* Complaint at ¶ 23-24.) He claims that Trustee could not have received the Deed of Trust after January 30, 2007 based on the closing date for the Trust. (*Id.* at ¶ 24.) This allegation is purely conclusory. Plaintiff has provided no factual support for any claim that Argent assigned the Deed of Trust to Trustee before January 2007. Indeed, he does not attach such an assignment to his Complaint because he admits none exists. (*See* Complaint at ¶84.) The only assignments in the real property records are the ones from Argent to MERS in 2008 and from MERS to Trustee in 2012. Plaintiff's allegation about an assumed assignment to Trustee in 2007, and the resulting broken chain of title, are conclusory and should be disregarded by the Court. *See Twombly*, 550 U.S. at 555; *Iqbal*, 129 S.Ct. at 1949.

Moreover, Plaintiff has no standing to complain about any of the assignments of the Deed of Trust or any alleged violation of an agreement governing the Trust. The Fifth Circuit has *twice* held in published, binding opinions that borrowers, as non-parties to agreements governing trusts (i.e., pooling and servicing agreements), "have no right to enforce its terms unless they are its intended third-party beneficiaries." *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013) (per curiam); *Reinagel v. Deutsche Bank Nat. Trust Co.*, 735 F.3d 220, 225 (5th Cir. 2013). Likewise, borrowers, as non-parties to assignments have no right to complain of alleged defects therein. *See Reinagel*, 735 F.3d at 226-227; *Holloway v. Wells Fargo Bank, N.A.*, No. 3:12-CV-2184-G (BH), 2013 WL 1187156, at *6 (N.D. Tex. Feb. 26, 2013); *Kazmi v. BAC Home Loans Servicing, L.P.*, 517 Fed. Appx. 228(5th Cir. Mar. 11, 2013) (per curiam) (unpublished) (affirming opinion holding that borrowers lacked standing to challenge

assignment); *James v. Wells Fargo Bank, N.A.*, No. 3:11–CV–2228–B, 2012 WL 778510, at *2 (N.D. Tex. Mar. 12, 2012). The Fifth Circuit has recognized a limited exception to this rule, which allows a non-party to challenge an assignment on grounds that would render it void, but that exception does not apply because Plaintiff's allegation (even if true) would not render the assignments at issue here void. *Reinagel*, 735 F.3d at 225 (noting "'the law is settled' in Texas that an obligor cannot defend against an assignee's efforts to enforce the obligation on a ground that merely renders the assignment voidable at the election of the assignor . . ." ). For each of these reasons, Plaintiff's misrepresentation claim fails and should be dismissed with prejudice.

Plaintiff also appears to assert a cause of action related to a claim that none of the Defendants had legal ownership of the Note at the time of the foreclosure sale. (*See* Complaint at ¶¶ 80-86.) This is not a separate cause of action and should be dismissed. Moreover, as set forth above, these allegations lack merit.

### (2)  Plaintiff's Quiet Title Claim (Count III) Must Be Dismissed

For many of the same reasons as Plaintiff's misrepresentation claim must be dismissed, his quiet title claim must fail as well. The elements of a quiet title claim include: (1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable. *Metcalf v. Deutsche Bank National Trust Co.*, No 3:11–CV–3014–D, 2012 WL 2399369, at *6-7 (N.D. Tex. June 26, 2012) (quotations and citations omitted). To succeed on this claim, a plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference." *Id.*

Plaintiff bases this claim on an allegation that Argent's sale of the Loan to Trustee triggered a duty to release the Deed of Trust. (Complaint at ¶¶ 76 and 22.) He reasons that Argent received all sums due under the Loan upon the sale to Trustee. (*See id.*) This argument

is nonsensical. The Deed of Trust specifically states that "[t]he Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." (Deed of Trust at ¶ 20, attached to the Complaint as Exhibit C.) Such a sale does not constitute "payment of all sums secured by this Security Instrument" as contemplated by section 23 of the Deed of Trust for a release of the lien. The obligations of the Borrower remain the same after such a sale—the "***Borrower*** shall pay when due the principal of, and interest on, the debt evidenced by the Note any prepayment charges and late charges due under the Note…" (*Id.* at ¶ 1 (emphasis added).) Plaintiff's claim essentially challenges securitization of loans, a claim which has been discredited. *See, e.g., Preston v. Seterus, Inc.*, 931 F. Supp. 2d 743, 759 (N.D. Tex. 2013) (mere securitization of a note by transferring it into a trust does not extinguish the foreclosure rights of the assignee of the deed of trust). He does not claim to have paid the Loan and he does not claim that the Wallaces paid off the Loan. Thus, there was no trigger of any entitlement to a release of the Deed of Trust lien.

Plaintiff also appears to claim he is entitled to an order quieting title in his favor because Defendants violated Texas Local Government Code § 192.007(a) and broke the chain of title. As set forth above, Plaintiff's claim of a broken chain of title is conclusory and should be disregarded. The public records reveal there is a clear ***unbroken*** chain of title for the Property. Also, Plaintiff's cannot base this claim on a violation of section 192.007 of the Government Code, because this section does not provide a private right of action. *Dallas Cnty., Tex. v. MERSCORP, Inc.*, 2 F. Supp. 3d 938, 946-47 (N.D. Tex. 2014) aff'd sub nom. *Harris Cnty. Texas v. MERSCORP Inc.*, 791 F.3d 545 (5th Cir. 2015). Moreover, this section reads:

> To release, transfer, assign, or take another action relating to an instrument that is filed, registered, or recorded in the office of the county clerk, a person must file, register, or record another instrument relating to the action in the same manner as the original instrument was required to be filed, registered, or recorded.

TEX. GOV'T CODE §192.007(a). Plaintiff does not describe how this section could have been violated by Defendants or provide any factual support for any violation.

Finally, to the extent Plaintiff is complaining about conduct that allegedly occurred in 2007 (the alleged sale to Trustee and the alleged breaking of title), the statute of limitations on any such claims passed long ago. The statute of limitations for quiet title is four years. *Poag v. Flories*, 317 S.W.3d 820, 825 (Tex. App.–Fort Worth, 2010, pet. denied) (citing *Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 618 (Tex. 2007)). Plaintiff has failed to plausibly demonstrate that he is entitled to quiet title to the Property at issue. This claim should be dismissed.

### (3) *Plaintiff's Claim that Defendants Violated the Texas Civil Practice And Remedies Code § 12.002(a) (Count V) Must Fail*

Plaintiff also asserts a claim against Defendants for a violation of the Texas Civil Practice and Remedies Code at section 12.002(a). A claim under this section has three elements: the defendant (1) made, presented, or used a document with knowledge that it was a fraudulent lien or claim against real or personal property or an interest in real or personal property, (2) intended that the document be given legal effect, and (3) intended to cause the plaintiff physical injury, financial injury, or mental anguish. *Golden v. Wells Fargo Bank, N.A.*, 557 F. App'x 323, 326-27 (5th Cir. 2014) (citing *Henning v. OneWest Bank FSB*, 405 S.W.3d 950, 964 (Tex. App.-Dallas 2013, no pet.) and TEX. CIV. PRAC. & REM. CODE § 12.002(a))) (quotations omitted). Plaintiff has not stated any plausible factual support for this claim. He bases the claim, again, on his theory that the assignments of the Deed of Trust are defective because Argent must have already sold the Loan in 2007 and the Deed of Trust should have been released at that time. As set forth above, these allegations lack merit as a matter of law. Further, the assignments do not qualify as a "fraudulent lien or claim against real or personal property or an interest in real or

personal property." TEX. CIV. PRAC. & REM. CODE § 12.002(a). Also, Plaintiff has supplied no support for any claim that Defendants intended to cause him physical injury, financial injury or mental anguish by filing and relying on the assignments. The use of the assignment for business purposes does not equate to an argument that Defendants intended to inflict financial injury or mental anguish. *Golden*, 557 F. App'x at 327. Plaintiff has not alleged any facts showing that the Property would not be subject to foreclosure even absent the assignment of the Deed of Trust to MERS and to Trustee. Therefore, he has failed to state a claim under Section 12.002. *Id.*

(4) *Plaintiff's Presentment Claim (Count VI) Must Fail*

Plaintiff has attempted to state a claim for a violation of the UCC at section 3-501(b)(2) regarding presentment. (*See* Complaint at ¶¶ 96-101.) Texas incorporated the UCC under Title 1 of the Texas Business and Commercial Code. *See* TEX. BUS. & COM. CODE ANN. § 1.101. However, it is well-settled that an interest in real property is not governed by the UCC. *Tremble v. Wells Fargo Home Mortgage, Inc.,* 478 F. App'x 164, 166 (5th Cir. 2012) (citing TEX. BUS. & COM. CODE ANN. § 9.109(d)(11) (excluding "interest in or lien on real property"); V*ogel v. Travelers Indem. Co.*, 966 S.W.2d 748, 753 (Tex.App.—San Antonio 1998, no pet. h.) ("Because the Deed of Trust places a lien on real property, it is not governed by the UCC."); *Sgroe v. Wells Fargo Bank, N.A.*, 941 F. Supp. 2d 731, 748-49 (E.D. Tex. 2013). "The comments to section three of the UCC, concerning negotiable instruments, also could not be more clear: 'Article 3 is not meant to apply to contracts for ... the sale or lease of real property or similar writings that may contain a promise to pay money.'" *Horton v. M & T Bank*, No. 4:13-CV-525-A, 2013 WL 6172145, at *4 (N.D. Tex. Nov. 22, 2013) (citing TEX. BUS. & COM. CODE § 3.104, Cmt. 2.4).) This claim fails as a matter of law.

### (5) *Plaintiff is Not Entitled to a Declaratory Judgment (Count VIII)*[2]

Plaintiff's request for declaratory judgment also cannot survive Rule 12(b)(6) analysis. To sustain a claim, a plaintiff must first plead a viable underlying cause of action. *See Collin County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods,* 915 F.2d 167, 170-171 (5th Cir. 1990) (federal declaratory judgment act is remedial only; it is the defendant's underlying cause of action against the plaintiff that is litigated in a suit under the act). Where all the substantive, underlying claims are subject to dismissal, a claim for declaratory relief cannot survive. *See id.; Walls v. JPMorgan Chase Bank, NA,* No. 4:13-cv-402, 2013 WL 5782999, at *4 (E.D. Tex. Oct. 25, 2013). As set forth above, Plaintiff's underlying claims fail. Thus, his claim for declaratory relief should also be dismissed.

## IV. CONCLUSION

WHEREFORE, Defendants respectfully request that this Motion be granted and that Plaintiff's Complaint be dismissed in its entirety, with prejudice. The deficiencies in Plaintiff's claims are inherent, fatal and cannot be cured by further amendment. Defendants further request all other and further relief, at law or in equity, to which they may justly be entitled.

---

[2] The remaining claims, breach of contract (Count II) and a violation of 15 USCA 1641 (Count VII) are not asserted against Defendants.

Respectfully submitted,

/s/ Jeremy A. Roberts
**Tanya N. Garrison**
Texas Bar No. 24027180
Tgarrison@wkpz.com
**Jeremy A. Roberts**
Texas Bar No. 24083742
Jroberts@wkpz.com
WEYCER KAPLAN PULASKI & ZUBER P.C.
11 Greenway Plaza, Ste. 1400
Houston, Texas 77046
(713) 961-9045 (Telephone)
(713) 961-5341 (Facsimile)

**ATTORNEYS FOR DEFENDANT ARGENT MORTGAGE COMPANY LLC**

CERTIFICATE OF SERVICE

        I hereby certify that a true and correct copy of the foregoing was served on the following via the Court's electronic notification system on October 15, 2015:

**Darrin C. Lavine**
2170 W. SR 434, Suite 260
Longwood, Florida 32779
*Pro Se and as Trustee for TMW Properties*

**Mark D. Cronenwett**
mcronenwett@mwzmlaw.com
**Dustin C. George**
dgeorge@mwzmlaw.com
MACKIE WOLF ZIENTZ & MANN, P.C.
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
(214) 635-2650 (Telephone)
(214) 635-2686 (Facsimile)
*Attorneys for Defendant Mackie Wolf Zientz & Mann, P.C.*

**Thomas G. Yoxall**
tyoxall@lockelord.com
**Arthur E. Anthony**
aanthony@lockelord.com
**Elizabeth K. Duffy**
eduffy@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
(214) 740-8000 (Telephone)
(214) 740-8800 (Facsimile)
*Attorneys for Defendant U.S. Bank et al.*

      /s/ Jeremy A. Roberts
      *Attorney for Argent Mortgage Company LLC*