

FILED

OCT 2 7 2015

Clerk, U.S. District Court
Texas Eastern

CAUSE NO. 15-07285-393

| | | |
|---|---|---|
| DARRIN C. LAVINE, TRUSTEE, TWM PROPERTIES, PRO SE, | § | IN THE DISTRICT |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | 393RD JUDICIAL DISTRICT |
| ARGENT MORTGAGE COMPANY, LLC, | § | |
| U.S. BANK NA, AS TRUSTEE IN | § | |
| INTEREST TO BANK OF AMERICA, | § | |
| N.A., AS SUCCESSOR BY MERGER TO | § | |
| LASALLE BANK, N.A., AS TRUSTEE | § | |
| FOR CERTIFICATEHOLDERS OF BEAR | § | |
| STEARNS ASSET BACKED SECURITIES 1 | § | |
| LLC, ASSET-BACKED CERTIFICATES | § | |
| SERIES 2007-AQ1, EMC MORTGAGE | § | |
| CORP., LASALLE BANK, N.A., | § | |
| MORTGAGE ELECTRONIC REGISTRATION | § | |
| SYSTEMS, JPMORGAN CHASE BANK, NA, | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
| Defendants | § | DENTON COUNTY, TEXAS |

---

### PLAINTIFF'S MOTION TO STRIKE DEFENDANT, MACKIE WOLF ZIENTZ & MANN, P.C.'S ORIGINAL ANSWERS

**COMES NOW,** the Plaintiff, DARRIN C. LAVINE, TWM PROPERTIES, TRUSTEE, *pro se,* and pursuant to Texas Rules of Civil Procedure hereby files this Motion to Strike Answer and Affirmative Defenses filed by Defendant, MACKIE WOLF ZIENTZ & MANN, P.C.'s (hereinafter "Defendant") and as grounds would state as follows:

### I. THE UNDISPUTED HISTORY AND FACTS RELEVANT TO THIS MOTION

1.    The Plaintiff brought this action on the misconduct of the Defendants during the sale of the Plaintiffs' former property and the subsequent wrongful foreclosure of residents of Denton County, Texas.

2.      The property in question possesses the legal description of (hereinafter the "Property"):

> **LOT 2, BLOCK 3, OF THE PENINSULA AT TWIN COVES ADDITION, 3RD FILING, AN ADDITION TO THE TOWN OF FLOWER MOUND, DENTON COUNTY, ACCORDING TO THE PLAT THEREOF RECORDED IN CABINET H, SLIDE 299, PLAT RECORDS, DENTON COUNTY, TEXAS, AS AMENDED BY CERTIFICATE OF CORRECTION OF ERROR FILED FEBRUARY 24, 1993, RECORDED IN VOLUME 3455, PAGE 399, REAL PROPERTY RECORDS, DENTON COUNTY, TEXAS.**
>
> **APN: R16042**
>
> **Address:  1915 Seaview Dr., Flower Mound, Texas 75022.**

3.      Plaintiff is basing this Petition on the misconduct of the Defendants during the sale of the Plaintiffs' former Property and the subsequent wrongful foreclosure of residents of Denton County, Texas.

4.      On or about August 29, 2006, Plaintiff allegedly executed a Note ("Wallace Note") in favor of ARGENT for $612,750.00 (One Hundred and Twelve Thousand and Seven Hundred and Fifty Dollars).

5.      On or about August 29, 2006, the Wallace's executed a Deed of Trust ("Wallace Deed of Trust") in favor of ARGENT as Security Interest to the Wallace Note.

6.      The Wallace Deed of Trust was recorded in Denton County, Texas Public Records on September 29, 2006. The Wallace Deed of Trust lists the Property as being in Denton County, Texas.

7.      The Deed of Trust contains a covenant which reads in pertinent part:

> BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of

record.

8. The Wallace's Deed of Trust obligates ARGENT to release the Wallace Deed of Trust upon payment of all sums secured by the Deed of Trust.

> **23. Release.** Upon payment of all sums secured by this Security Instrument, Lender shall provide a release this Security Instrument to Borrower or Borrower's designated agent in accordance with Applicable Law. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under applicable Law.

9. Immediately after the closing date of the Wallace Loan on August 29, 2006, it appears that ARGENT improperly sold the Wallace Note to LASALLE as Trustee for the TRUST.

10. The TRUST has a closing date of January 30, 2007; therefore, nothing can be transferred into the TRUST after the closing date.

11. On or about September 5, 2008, ARGENT allegedly assigned the Wallace Deed of Trust to MERS.

12. Plaintiff declares a violation of Texas Local Government Code 192.007(a) and a broken chain of title as to the Wallace Loan at the time of the Assignment.

13. Plaintiff declares a violation of Texas Local Government Code 192.007(a) and a broken chain of title as to the Wallace Loan at the time of the Assignment.

14. Plaintiff declares that ARGENT no longer had the authority or resolution to assign the Wallace Deed of Trust because ARGENT had already divested itself of any rights to the Wallace Loan when it improperly sold the Wallace Note to LASALLE as Trustee for the TRUST.

15. Plaintiff declares the September 5, 2008 Assignment fraudulent and thus void because of a violation of Texas Local Government Code 192.007(a) and a broken chain of title

as to the Wallace Loan.

     16.    On or about March 23, 2012, MERS allegedly assigned the Wallace Deed of Trust to USBANA.

     17.    On or about June 3, 2014, MACKIE incorrectly sent the Wallace's a Notice of Foreclosure Sale. Plaintiff declares that the notice should have been sent to Plaintiff and as such MACKIE, on behalf of SPS as mortgage servicer for USBANA, did not properly notice Plaintiff of the sale.

     18.    Plaintiff declares that MACKIE, on behalf of SPS as mortgage servicer for USBANA did not have the authority to schedule a Foreclosure Sale of Plaintiffs' Property because the Assignment they based their claim on was fraudulent and thus void.

     19.    On or about July 1, 2014, MACKIE sent the Wallace's a Notice of Acceleration. Plaintiff declares that the notice should have been sent to Plaintiff and as such MACKIE, on behalf of SPS as mortgage servicer for USBANA, did not properly notice Plaintiff of the acceleration.

     20.    Prior to the August 5, 2014 Trustee Sale, Plaintiff made several attempts to notify MACKIE, SPS, and USBANA of the fraudulent and wrongful nature of their attempts to foreclose on the Property with a broken chain of title.

     21.    Absent standing and/or right to proceed with the foreclosure action, MACKIE, on behalf of SPS as mortgage servicer for USBANA held a Trustee Sale on August 5, 2014.

     22.    Plaintiff declares that Defendants, and each of them, cannot show a proper chain of title to establish the right to foreclose under Texas Property Code as mortgagee or mortgage servicer. *Miller v. Homecomings Financial, LLC,* 881 F.Supp. 2d 825 (S.D. Tex., 2012).

23.     Plaintiff declares that MACKIE, on behalf of SPS as mortgage servicer for USBANA, conducted a fraudulent and wrongful trustee sale against Plaintiff on August 5, 2014 and that the subsequent Substitute Trustee's Deed is void.

24.     Plaintiff declares that Defendants, and each of them, do not have the ability to establish that the Deed of Trust that secures the indebtedness (Note) was legally or properly acquired pursuant to Texas Local Government Code § 192.007(a) which declares that any transfer or assignment of the recorded deed of trust must also be recorded in the office of the clerk of court.

## II. Law and Argument

25.     Pursuant to Texas Rules of Civil Procedure, Rule 94:

> *In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. Where the suit is on an insurance contract which insures against certain general hazards, but contains other provisions limiting such general liability, the party suing on such contract shall never be required to allege that the loss was not due to a risk or cause coming within any of the exceptions specified in the contract, nor shall the insurer be allowed to raise such issue unless it shall specifically allege that the loss was due to a risk or cause coming within a particular exception to the general liability; provided that nothing herein shall be construed to change the burden of proof on such issue as it now exists.*

26.     The pleading filed by Defendant does not state any defenses but merely avoids the allegations by contending that they are banned or that Plaintiff contributed to damages claimed.

27.     There are two types of pleading defects to which the opponent must object before trial:

> (1) defects in form, such as the failure to include a verification, and (2) defects in substance, such as the failure to plead a cause of action or defense with sufficient specificity; and if the opponent does not object to the pleadings by special exception before trial, the defects are waived. *Aquila Southwest Pipeline, Inc. v. Harmony Exploration, Inc.* (App. 4 Dist. 2001) 48 S.W.3d 225, review denied.

28.     In the instant case the Defendant has failed to plead a defense with sufficient specificity. Therefore, the Plaintiff objects to the Defendant's Answer as it fails to show specific facts and law to support the alleged defense.

29.     Defendant avers that it has caused no damage to the Plaintiff. However, the Defendant failed to address the fact that Plaintiff, in good faith prior to bringing this law suit, made numerous attempts to obtain documentation from the Defendant concerning their contention that it had a security interest in the Plaintiffs' Property, which is the sole subject of this law suit.

30.     The Plaintiff moves to strike Defendant's affirmative defenses in their entirety because they are not properly pleaded, are redundant or immaterial, and/or are insufficient as a matter of law. For the reasons enumerated below, the Court should strike each and every affirmative defense stated by Defendant.

## II.     The Plaintiffs' Claims Are Not Barred

31.     Defendant alleges that the Plaintiffs' claims are barred by the applicable statutes of limitations. As pleadings, affirmative defenses must set forth a short and plain statement of the ultimate facts showing that the pleader is entitled to relief. Moreover, certainty is required when pleading affirmative defenses; conclusions of law unsupported by allegations of ultimate facts are legally insufficient. An affirmative defense must plead facts in a manner that will reasonably inform the adversary of what the pleader intends to prove in order to provide the adversary with an opportunity to fairly meet the defenses and prepare the evidence. Defendant

makes sweeping statements asserting such affirmative defenses, yet fails to provide any factual basis for such assertions. Accordingly, its affirmative defenses cannot stand.

32.     Moreover, Defendant failed to address the fact that the Plaintiff did not discover the fraud committed by the Defendant until shortly before the Complaint was filed therefore the time limitation period did not begin to run until the fraud was discovered. The claim is not barred as untimely.

33.     The Court has broad discretion to determine whether the challenged matter should be stricken. See *In re BeefIndus. Antitrust Litig.*, 600 F.2d 1148, 1168 (5th Cir.1979); *Berry v. Lee*, 428 F. Supp. 2d 546, 563 (N.D. Tex. 2006) (Fitzwater,J.). "Striking an affirmative defense is warranted if it cannot, as a matter of law, succeed under any circumstance." *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013); see also *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982) ("Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law.").

34.     Here, the Court should strike the Defenses raised by the Defendant as they are merely short statements having no supported facts or law and are intended to be inflammatory, are redundant or immaterial, and/or are insufficient as a matter of law.

## CONCLUSION

Based on the foregoing, Plaintiff has complied with applicable Rules of Civil Procedure governing this jurisdiction, have well-pled allegations which are accepted as true and all inferences are drawn in Plaintiffs' favor in light of the applicable substantive law, the Plaintiff has sufficiently established its standing and capacity to commence. Further, Defendant has not sufficiently stated nor provided factual or legal support to any of its defenses and therefore

Defendant's Affirmative Defenses must therefore be stricken.

**WHEREFORE,** Plaintiff, moves this Honorable Court for an entry of an Order Striking the Defendant's Answer and Affirmative Defense along with all other relief this court deems just and proper.

Respectfully submitted by,

Date: _10·27·15_

_Darrin C. LaVine_
DARRIN C. LAVINE, *pro se*
2170 W. SR 434, Suite 260
Longwood, Florida 32779

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by Electronic Mail upon the following parties, Mark D. Cronenwett, Esq., Dustin C. George, Esq., MACKIE WOLF ZIENTZ & MANN, P.C., 14160 North Dallas Parkway, Suite 900, Dallas TX 75254, email address(s), mcronenwett@mwzmlaw.com; dgeorge@mwzmlaw.com; this _27th_ day of October, 2015.

_Darrin C. LaVine_
DARRIN C. LAVINE