IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION



| | | |
|---|---|---|
| DARRIN C. LAVINE, TRUSTEE, TWM PROPERTIES, PRO SE, | § § § § | |
| Plaintiff, | § | CAUSE NO. 4:15-cv-00671 |
| v. | § § | |
| ARGENT MORTGAGE COMPANY, LLC, U.S. BANK NA, AS TRUSTEE IN INTEREST TO BANK OF AMERICA, N.A., AS SUCCESSOR BY MERGER TO LASALLE BANK, N.A., AS TRUSTEE FOR CERTIFICATEHOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES 1 LLC, ASSET-BACKED CERTIFICATES SERIES 2007-AQ1, EMC MORTGAGE CORP., LASALLE BANK, N.A., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, JPMORGAN CHASE BANK, NA, BANK OF AMERICA, N.A., | § § § § § § § § § § § § § § | |
| Defendants | § § | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS, U.S. BANK, NA, AS TRUSTEE IN INTEREST TO BANK OF AMERICA, N.A., AS SUCCESSOR BY MERGER TO LASALLE BANK, N.A. AS TRUSTEE FOR CERTIFICATEHOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES I LLC, ASSET-BACKED CERTIFICATE SERIES 2007-AQI; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS; AND SELECT PORTFOLIO SERVICING, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**COMES NOW,** the Plaintiff, DARRIN C. LAVINE, TWM PROPERTIES, TRUSTEE, *pro se,* and hereby files this Memorandum in Opposition to U.S. Bank, NA, as Trustee in Interest to Bank of America, N.A., as Successor by Merger to LaSalle Bank, N.A. as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificate

Series 2007-AQI ("US BANK"), Mortgage Electronic Registration Systems ("MERS"), and Select Portfolio Servicing, LLC ("SPS") (together, "Defendants") Motion Dismiss Plaintiff's Complaint. Defendants argue that Plaintiff's Complaint failed to state a claim upon which relief can be granted. Because Defendants' Motion is without merit, the Court should deny Defendants' Motion in its entirety. The reasons in support of such denial are set forth more fully in the attached memorandum.

## MEMORANDUM OF LAW
## IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

### I. Relevant Facts

1. The Plaintiffs brought this action on the misconduct of the Defendants during the sale of the Plaintiffs' former property and the subsequent wrongful foreclosure of residents of Denton County, Texas.

2. The property in question possesses the legal description of (hereinafter the "Property"):

> LOT 2, BLOCK 3, OF THE PENINSULA AT TWIN COVES ADDITION, 3RD FILING, AN ADDITION TO THE TOWN OF FLOWER MOUND, DENTON COUNTY, ACCORDING TO THE PLAT THEREOF RECORDED IN CABINET H, SLIDE 299, PLAT RECORDS, DENTON COUNTY, TEXAS, AS AMENDED BY CERTIFICATE OF CORRECTION OF ERROR FILED FEBRUARY 24, 1993, RECORDED IN VOLUME 3455, PAGE 399, REAL PROPERTY RECORDS, DENTON COUNTY, TEXAS.
>
> APN: R16042
>
> **Address: 1915 Seaview Dr., Flower Mound, Texas 75022.**

3. Plaintiff is basing this Petition on the misconduct of the Defendants during the sale of the Plaintiffs' former Property and the subsequent wrongful foreclosure of residents of Denton County, Texas.

4. On or about August 29, 2006, Plaintiff allegedly executed a Note ("Wallace

Note") in favor of ARGENT for $612,750.00 (Six Hundred and Twelve Thousand and Seven Hundred and Fifty Dollars).

5. On or about August 29, 2006, the Wallaces executed a Deed of Trust ("Wallace Deed of Trust") in favor of ARGENT as Security Interest to the Wallace Note.

6. The Wallace Deed of Trust was recorded in Denton County, Texas Public Records on September 29, 2006. The Wallace Deed of Trust lists the Property as being in Denton County, Texas.

7. The Deed of Trust contains a covenant which reads in pertinent part:

> BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

8. The Wallace's Deed of Trust obligates ARGENT to release the Wallace Deed of Trust upon payment of all sums secured by the Deed of Trust.

> **23. Release.** Upon payment of all sums secured by this Security Instrument, Lender shall provide a release this Security Instrument to Borrower or Borrower's designated agent in accordance with Applicable Law. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under applicable Law.

9. Immediately after the closing date of the Wallace Loan on August 29, 2006, it appears that ARGENT improperly sold the Wallace Note to LASALLE as Trustee for the TRUST.

10. The TRUST has a closing date of January 30, 2007; therefore, nothing can be transferred into the TRUST after the closing date.

11. On or about September 5, 2008, ARGENT allegedly assigned the Wallace Deed

of Trust to the MERS.

12. Plaintiff declares a violation of Texas Local Government Code 192.007(a) and a broken chain of title as to the Wallace Loan at the time of the Assignment.

13. Plaintiff declares that ARGENT no longer had the authority or resolution to assign the Wallace Deed of Trust because ARGENT had already divested itself of any rights to the Wallace Loan when it improperly sold the Wallace Note to LASALLE as Trustee for the TRUST.

14. Plaintiff declares the September 5, 2008, Assignment fraudulent and thus void because of a violation of Texas Local Government Code 192.007(a) and a broken chain of title as to the Wallace Loan.

15. On or about March 23, 2012, MERS allegedly assigned the Wallace Deed of Trust to US BANK.

16. On or about June 3, 2014, MACKIE incorrectly sent the Wallace a Notice of Foreclosure Sale. Plaintiff declares that the notice should have been sent to Plaintiff and as such MACKIE, on behalf of SPS as mortgage servicer for US BANK, did not properly notice Plaintiff of the sale.

17. Plaintiff declares that MACKIE, on behalf of SPS as mortgage servicer for US BANK did not have the authority to schedule a Foreclosure Sale of Plaintiffs Property because the Assignment they based their claim on was fraudulent and thus void.

18. On or about July 11, 2014, MACKIE sent the Wallaces a Notice of Acceleration. Plaintiff declares that the notice should have been sent to Plaintiff and as such MACKIE, on behalf of SPS as mortgage servicer for US BANK, did not properly notice Plaintiff of the acceleration.

19. Prior to the August 5, 2014 Trustee Sale, Plaintiff made several attempts to notify MACKIE, SPS, and US BANK of the fraudulent and wrongful nature of their attempts to foreclose on the Property with a broken chain of title.

20. Absent standing and/or right to proceed with the foreclosure action, MACKIE, on behalf of SPS as mortgage servicer for US BANK held a Trustee Sale on August 5, 2014.

21. Plaintiff declares that Defendants, and each of them, cannot show a proper chain of title to establish the right to foreclose under Texas Property Code as mortgagee or mortgage servicer. *Miller v. Homecomings Financial, LLC,* 881 F.Supp. 2d 825 (S.D. Tex., 2012).

22. Plaintiff declares that MACKIE, on behalf of SPS as mortgage servicer for US BANK, conducted a fraudulent and wrongful trustee sale against Plaintiff on August 5, 2014 and that the subsequent Substitute Trustee's Deed is void.

23. Plaintiff declares that Defendants, and each of them, do not have the ability to establish that the Deed of Trust that secures the indebtedness (Note) was legally or properly acquired pursuant to Texas Local Government Code § 192.007(a) which declares that any transfer or assignment of the recorded deed of trust must also be recorded in the office of the clerk of court.

**II. Law and Argument**

24. Defendants now seek to dismiss the Complaint on the grounds that the Plaintiffs' Complaint fails to state a claim upon which relief can be granted. The Motion to Dismiss should be denied because Plaintiff has sufficiently established its standing to commence and maintain this action to avoid dismissal of the Complaint.

**A. Legal Standard for Motions to Dismiss.**

25. Motions to dismiss are purely procedural questions that do not pertain to

foreclosure law. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007). For this reason, courts apply the law of regional circuits to determine if "in the light most favorable to the plaintiff, the complaint states a valid claim for relief." Id. at 1356 (citing *Copeland v. Wasserstein, Perella & Co.*, 278 F.3d 472, 477 (5th Cir. 2002)).

26. A motion to dismiss under Rule 12(b)(6) is generally "viewed with disfavor and is rarely granted." *FotoMedia Tech., LLC v. AOL*, No. 2:07-CV-255, 2008 WL 4135906, at *1 (E.D. Tex. Aug. 29, 2008) (Ward, J.) (citing *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)). Similarly, motions for a more definite statement are "considered in light of the liberal pleading standards of Rule 8(a)" and are "denied if the detail of information sought by the motion . . . is obtainable through discovery." *PA Advisors, LLC v. Google Inc.*, No. 2:07-CV-480, 2008 U.S. Dist. LEXIS 71285, *20 (E.D. Tex. Aug. 7, 2008) (Folsom, J.).

## STANDARD OF REVIEW

27. When "reviewing the sufficiency of a complaint in response to a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), . . . the district court's task is limited." *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 235 F. Supp. 2d 549, 563 n.3 (S.D. Tex. 2002) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Motions to dismiss are viewed with disfavor and rarely granted. See *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997); *SR Int'l Bus. Ins. Co. Ltd. v. Energy Future Holdings Corp.*, 539 F. Supp. 2d 871, 874-75 (N.D. Tex. 2008) (citation omitted). "The issue is not whether a plaintiff will ultimately prevail on the merits but whether he is entitled to offer evidence to support his claims." *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996); see also *Verizon Employee Benefits Comm. v. Fitzgerald*, Civil Action No. 3:06-CV-0482-D, 2007 WL 2080004, at *2

(N.D. Tex. July 12, 2007). Accordingly, dismissal is inappropriate unless a complaint, construed with all well-pleaded facts viewed in the light most favorable to the plaintiff, see *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Zagami v. Natural Health Trends Corp.*, 540 F. Supp. 2d 705, 709 (N.D. Tex. 2008), fails "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

28. Rule 9(b) requires allegations of fraud to be pleaded with particularity, but "is not intended . . . 'to procure punctilious pleading detail.'" *SEC v. Brady*, Civil Action No. 3:05-CV-1416-D, 2006 WL 1310320, at *3 (N.D. Tex. May 12, 2006) (quoting *Steiner v. Southmark Corp.*, 734 F. Supp. 269, 273 (N.D. Tex. 1990)). Rather, Rule 9(b), "read in conjunction with Rule 8, which requires only a short and plain statement of the claim showing that the pleader is entitled to relief," *Brady*, 2006 WL 1310320, at *3 (internal citations and quotations omitted), merely requires a plaintiff to plead facts "analogous to the first paragraph of a newspaper story, 'namely the who, what, when, where, and how.'" Id. (quoting *Melder v. Morris*, 27 F.3d 1097, 1100 n.5 (5th cir. 1994)). The Complaint, containing specific allegations of an agreement of confidentiality, breach of that agreement, and losses avoided in securities transactions by that breach, easily meets the standard to survive a motion to dismiss.

29. Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id.* at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009), (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (internal quotations omitted).

**Plaintiff's Complaint States a Claim Against Defendants.**

30. In disregard of basic federal civil procedure, Defendants urge the Court to dismiss this cause on the grounds that Plaintiff's Complaint fails to state a claim against Defendants.

31. In *Conley v. Gibson*, 355 U.S. 41 (1957), the Supreme Court stated the interplay between Rule 8 (pleading) and Rule 12(b)(6) as follows: "[T]he accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Id. at 45-46.* In addition, In *Bell Atlantic Corporation v. Twombly,* 55 U.S. 544 (2007), the Court noted questions raised regarding the "no set of facts" test and clarified that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *See Id.* at 563. It continued: *"Conley,* then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." *See Id.*

32. In *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), the Court further elaborated on the test, including this statement: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" *Id.* at

1949 (citation omitted). Where a complaint is inadequate, leave to amend the complaint is common. *See, e.g., Butt v. United Brotherhood of Carpenters & Joiners of America*, No. 09-4285, 2010 WL 2080034 (E.D. Pa. May 19, 2010).

33. Also, *Fed. R. Civ. Pro. § 8(a)(2)* provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Judith Kerns v. Int'l Union, UAW*, 583 F. Supp. 2d 885, 895 (M.D. Tenn. 2008). Although a complaint must contain more than "labels and conclusions, and a formulaic recitation of a cause of action's element," Rule 8 does not require "detailed factual allegations." *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555); *see also In Re Nissan North Am., Inc., Odometer Litig.*, 664 F. Supp. 2d 873, 881 (M.D. Tenn. 2009).

34. In the instant action, Defendants, arguments are baseless as the Plaintiff's Complaint does state a claim against the Defendants. However, assuming arguendo that the Defendants are right in the assertions, it is commonly held that when a plaintiff's complaint must be dismissed for failure to state a claim, the plaintiff should generally be given at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *Great Plains Trust Co.*, 313 F.3d at 329 ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").

**Plaintiff Can Proceed *Pro Se***

35. It cannot be legally questioned that the "Real Party of Interest" can and must

represent himself or herself or itself in a Court of Law Pro-Se.

36. The "Real Party in Interest" must have the necessary essential elements to qualify as a "Real Party in Interest." In *C.E. Pope Equity Trust vs. U.S.*, 818 F. 2d 696, the trustee was not the actual beneficial owner of the claims, thus the trustee was not the "Real Party in Interest." But, the negative or opposite of *C.E. Pope Equity Trust vs. U.S.*, supra, determination must be true. A trustee that has actual beneficial ownership of the claim would be the "Real Party in Interest."

37. Again in *Heiskel v. Mozie*, 82 F. 2d 861, the words "the party" means the party in interest - the real beneficial owners of the claim in the suit. The party must also have legal title to the property. *Heiskel v. Mozie*, supra.

38. In the State Courts, the "Real Party in Interest" is the person who will be entitled to the benefits of the action. *Sunshine Oil Co., Limited v. Chantry*, 96 P.2d 20.

39. TWM Properties, a Texas Joint-Stock company, has a provision in its indenture, which states that:

> "The property will be immediately assigned, conveyed and delivered unto said Trustee(s), in an irrevocable contract, who holds title in fee simple and controls as joint tenants and to collectively act by virtue of this Contract as a Board of Trustee(s) under the collective name herein designated."

40. The term "fee simple" included legal title and equitable title or beneficial interest, which the trustee(s) obtain in the creation of the Joint-Stock Company. This means that the Trustee(s) are the only persons that control and manage the business as a result of having legal title, beneficial ownership of the business, having equitable title or beneficial interest in fee simple. This means the trustee(s) have total ownership. In fact, TWM has no stockholder or beneficiaries at this time.

41. Lastly, in common-law the name of the Joint-Stock Company is the collective name or names of the trustee(s). **(See Exhibit "A")** Therefore, the trustee is the actual person that is the "Real Party in Interest" and must be the Plaintiff Pro-se in any lawsuit. *Schwartz et al., trustee v. Abbott Motors, Inc.*, 181 N.E. 2d 334.

**Plaintiff Fails to Show Plausible Entitlement to Any Relief**

42. A declaratory judgment action should be entertained (1) when the judgment will serve a useful purpose in clarifying and settling legal relations at issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. See *Aetna Cas. & Sur. Co. v. Sunshine Corp.*, 74 F.3d 685, 687 (6th Cir. 1996). The present case clearly meets these two requirements. A declaratory judgment would clarify and settle whether Defendants have/had any interest in the Note and/or Deed of Trust and had the right to invoke the power of sale contained in the Deed of Trust. More importantly, declaratory judgment would terminate and afford relief from the uncertainty of whether Defendants had a right to attempt to foreclose on Plaintiff's house. Declaratory relief is available only when there is an actual, substantial controversy between parties who have adverse legal interests of sufficient immediacy and reality. See *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). Defendants actually attempted to foreclose. Property owners, if they suffered damage, loss, or material injury by irregularities in the foreclosure sale, are entitled to maintain a suit for relief by way of damages or invalidation of the sale. See *Gainesville Oil & Gas Co. v. Farm Credit Bank of Tex.*, 847 S.W.2d 655, 659 (Tex.App.–Texarkana 1993, no writ). In this case, Plaintiff faces damage, loss, and material injury through irregularities in the negotiation of his Note and Deed of Trust and the resulting into filing an application for expedited foreclosure. There is an actual controversy that necessitates the Court's intervention.

43. Furthermore, Plaintiff clearly may maintain an independent cause of action for quiet title/trespass to try title (as discussed infra). This is not speculation, and it is not a hypothetical. An independent third party did a securitization audit on Plaintiff's loan documents which clearly indicated that Plaintiff's loan along with similar loans, was securitized. Once again, this is not speculation or a hypothetical–it is the application of law to a specific document filed in the public records.

44. Banks are neither private attorneys general nor bounty hunters, armed with a roving commission to seek out defaulting homeowners and take away their homes in satisfaction of some other bank's deed of trust. Plaintiff has alleged plausible claims for declaratory relief. Accordingly, Defendants' Motion to Dismiss Plaintiff's claims for declaratory relief should be denied.

**Plaintiff Complaint States A Claim For Quiet Title Against Defendants.**

45. By force of logic, statute, and case law, however, a party must have title to a property to bring an action to quiet title. Without title, there is nothing to be quieted. *Hill v. Da Costa*, 65 Fla. 371, 61 So. 750, 751 (1913). See also, *Atl. Beach Improvement Corp. v. Hall*, 143 Fla. 778, 197 So. 464, 466-67 (1940). Plaintiff in this action has shown his validity of alleging a proper cause of action for quiet title. *Mattison v. Homecomings Financial, LLC* states, "Plaintiffs ... allege that the uncertainty as to who holds or owns the Note and Mortgage prevents negotiations with the owner of said Note and Mortgage, and creates a cloud on the Property in Controversy ... These assertions meet the minimum level of factual support for Plaintiffs' Amended Complaint..." *Mattison v. Homecomings Financial, LLC*, (U.S.D.C. M.D. FL 2012 WL 2589351). In Mattison, the court sided with the Plaintiffs in affirming that a cloud on title is

present when whoever holds the original Note is being questioned. This is exactly what the Plaintiffs in the instant case are attempting to allege. Furthermore, Plaintiffs have shown their valid interest in title by the Warranty Deed granted to them. These are the two requirements for a quiet title cause of action, which Plaintiffs have shown.

46. Plaintiff asserts that he has a valid claim to try title under Texas Declaratory Judgments Act for a determination of validity of the Wallace Note and Wallace Deed of Trust and to obtain a declaration of right, status and legal relation thereunder.

47. A suit to quiet title is equitable in nature, and the principal issue in such suits is "'the existence of a cloud on the title that equity will remove.'" *Florey v. Estate of McConnell*, 212 S.W.3d 439, 448 (Tex. App.—Austin 2006, pet. denied) (quoting Bell v. Ott, 606 S.W.2d 942, 952 (Tex. Civ. App.—Waco 1980, writ ref'd n.r.e.)).

48. A "cloud" on legal title includes any deed, contract, judgment lien or other instrument, not void on its face that purports to convey an interest in or makes any charge upon the land of the true owner, the invalidity of which would require proof. *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied). A suit to quiet title "'enable[s] the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.'" *Florey*, 212 S.W.3d at 448 (quoting *Thomson v. Locke*, 1 S.W.112, 115 (Tex. 1886)). Numerous courts across the United States have held that such actions are appropriate where there is a dispute as to ownership of a recorded Note and Deed of Trust. For example, *Herbert Elesh v. MERS and Deutsche Bank National Trust Co.*, U.S. District Court, N.A. Illinois, Eastern Division, Case No.: 12C10355 August 16, 2013.

49. Moreover, when a Plaintiff's complaint must be dismissed for failure to state a

claim, the plaintiff should generally be given at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *Great Plains Trust Co.,* 313 F.3d at 329 ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").

50. According to the BORROWER'S COVENANTS in the Deed of Trust Document, "Borrower must "defend generally the title to the Property against all claims and demands, subject to any encumbrances of record." Therefore, Plaintiff is required to bring this action.

51. In an action to quiet title under Texas law, a plaintiff must show: "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *Rivera v. Citimortgage, Inc.* No. 3:12-CV-3404-D, 2013 WL 1294009, at *2 (N.D. Tex. Apr. 1, 2013)(quoting *Metcalf v. Deutsche bank Nat'l Trust Co.,* No. 3:11-CV-3014-D, 2012 WL 2399369, at *7 (N.D. Tex. Jun. 26, 2012))(internal quotation marks omitted).

52. A suit to quiet title declares that the defendant's claim to title is invalid or ineffective. *Id.* (citing *Gordon v. W. Houston Trees, Ltd.,* 352 S.W. 3d 32, 42 (Tex.App. – Houston [1st Dist.]2011, no pet.)) In order to quiet title, a plaintiff "must prove and recover on the strength of his own title, not the weakness of his adversary's title". *Fricks v. Hancock,* 45 S.W. 3d 322, 327 (Tex. App. – Corpus Christi 2001, no pet.).

**Plaintiffs Complaint Sufficiently State A Claim For Fraud.**

53. Plaintiffs assert that they indeed stated a cognizable claim for fraud.

54. Plaintiffs assert that the Bank Defendants' 1) made a representation to Plaintiff by entering an agreement with Plaintiff, i.e. the Wallace Note and Wallace Deed of Trust; 2) Bank

Defendants' representations regarding release are a material aspect of the agreement; 3) the Bank Defendants' representations were false because they in fact did not execute a release upon payment by MERS; 4) when the Bank Defendants made the representations, as indicated by Defendants behavior in not performing their duties as defined by the Wallace Deed of Trust and Wallace Note, it did so recklessly and without knowledge of the truth of the representations; 5) Bank Defendants made the representations with the intent that Plaintiffs act on them and induced them to make payments to Defendants; 6) Plaintiff relied on the representations and accepted making payments to the Defendants on the loan; 7) the representations caused the Plaintiffs injury due to Defendants' failure to comply with its representations, thus it has prevented Plaintiff from obtaining clear and marketable title to the Property.

55. Plaintiff asserts that this meets the "who, what, where, and how" test that has developed under Federal Rules of Civil Procedure 9(b) for a claim of fraud.

## CONCLUSION

Bank Defendants lack the ability to show that they hold the original Wallace Note and Wallace Deed of Trust and more importantly, acquired it per Texas 192.007(a). The chain of title with respect to the Plaintiffs' loan has been broken. Plaintiffs have stated valid Causes of Action. Equally, the Bank Defendants' Motion to Dismiss must be denied.

Based on the foregoing, the well-pled allegations are accepted as true and all inferences are drawn in Plaintiffs' favor in light of the applicable substantive law, the Plaintiffs have sufficiently established its standing and capacity to commence and maintain this action to avoid dismissal of the Complaint. Further, Plaintiffs have complied with applicable Rules of Civil Procedure and governing this jurisdiction. Defendant's Motion to Dismiss must therefore fail.

Respectfully submitted by,

Date: 10/29/15

_____
DARRIN C. LAVINE, *pro se*
2170 W. SR 434, Suite 260
Longwood, Florida 32779

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by Electronic Mail upon the following parties, Mark D. Cronenwett, Esq., Dustin C. George, Esq., MACKIE WOLF ZIENTZ & MANN, P.C., 14160 North Dallas Parkway, Suite 900, Dallas TX 75254, email address(s), mcronenwett@mwzmlaw.com; dgeorge@mwzmlaw.com; this 29th day of October, 2015.

_____
DARRIN C. LAVINE