IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DARRIN C. LAVINE, TRUSTEE, TWM PROPERTIES, PRO-SE, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:15-cv-00671-RC-DDB |
| ARGENT MORTGAGE COMPANY, LLC, ET AL., | § § § § | |
| Defendants. | § § | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

U.S. Bank, NA, as Trustee in Interest to Bank of America, N.A., as Successor by Merger to LaSalle Bank, N.A. as Trustee for Certificateholders of Bear Stearns Asset Backed Securities 1 LLC, Asset-Backed Certificate Series 2007-AQ1 ("Trustee"), Mortgage Electronic Registration Systems ("MERS"), and Select Portfolio Servicing, LLC ("SPS") (together, "Defendants") file this their Reply in Support of Their Motion to Dismiss Plaintiff's Complaint, and respectfully show the Court as follows:

**I. INTRODUCTION**

Plaintiff Darrin C. Lavine, Trustee for TWM Properties (*pro se*) ("Plaintiff") has filed a Memorandum of Law in Opposition to Defendants' Motion to Dismiss (Doc. 13) (the "Response"). Therein, he misconstrues Defendants' arguments and applicable law. He has not, and is not able to, demonstrate any plausible entitlement to the relief he seeks in this lawsuit.

A.  **Plaintiff Cannot Proceed** *Pro Se*

As set forth in the Motion to Dismiss, "a non-attorney trustee may not represent a trust *pro se*." *Dillard Family Trust v. Chase Home Finance, LLC*, 3:11-CV-1740-L, 2011 WL 6747416, at *5 (N.D. Tex. Dec. 23, 2011) (citations omitted).  This is exactly what Darrin C. Lavine is trying to do in this lawsuit.  Mr. Lavine is not an attorney.  Nevertheless, he is attempting to state claims against Defendants as the trustee of the trust, TWM Properties, *pro se*.  This representation is improper and contrary to 28 U.S.C. § 1654.  *Id.*; *Weber v. Garza,* 570 F.2d 511, 514 (5th Cir. 1978).  In his Response, Plaintiff claims that TWM Properties does not currently have any beneficiaries or stock holders.  Thus, he reasons that he, as trustee, is the beneficial owner because he is "holding" the assets of the trust.  Plaintiff's argument does not stand up to critical examination.  Mr. Lavine does not personally hold title to the property at issue.  (*See* Warranty Deed, demonstrating the Wallaces transferred ownership of the property to the trust, not Mr. Lavine, attached as Exhibit A to Plaintiff's Complaint.)  Moreover, the trust agreement he attached to his Response indicates that "neither the Trustee(s) or officers personally or individually, present or future, have or possess any beneficial interest in the property or assets of said Company." (*See* Texas Joint-Stock Company of TWM Properties at p. 4, attached as Exhibit A to the Response.)  The record Plaintiff presents does not establish that he is the actual beneficial owner of the claims being asserted by the trust.  Thus, he may not present arguments for TMW Properties, *pro se*, in federal court.[1]  Absent representation by a licensed attorney, Mr. Lavine should not be allowed to proceed with his claims on behalf of TMW Properties.  *Dillard Family Trust*, 2011 WL 6747416, at *5.

---

[1] These circumstances are similar to those presented in *C.E. Pope Equity Trust v. United States*, 818 F.2d 696 (9th Cir. 1987), cited by Plaintiff.  In that case, the Court held that the trustee could not represent the trust *pro se*.  The Court also noted that the record did not present any evidence that the trustee was the one who would benefit from the claims.  Likewise, Plaintiff here has not presented any evidence that he is the beneficial owner of the claims.  The trust documents reveal instead that a trustee should never be a beneficial owner.  The other case cited by Plaintiff, *Schwartz v. Abbot Motors, Inc.*, 181 N.E. 2d 334 (Ma. 1962), does not provide any support for his position, either.  This case does not address whether a trustee may represent a trust pro se.

### B. Plaintiff Fails to Address Defendants' Arguments

Plaintiff has also failed to substantively address Defendants' arguments demonstrating that each of his claims against them is subject to dismissal. Specifically, with regard to his claim that Defendants were not owners of the Note at the time of the sale (Count IV) and his misrepresentation claim (Count I), which is premised on the same allegation, Plaintiff has not, and cannot, challenge Texas law providing that ownership or possession of the note is irrelevant to whether a party has authority to foreclose. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013) ("[F]oreclosure statutes simply do not require possession or production of the original note."). Plaintiff has not, and again cannot, challenge the ***unbroken*** chain of title demonstrating Defendant Trustee was the mortgagee, entitled to foreclose.

Plaintiff's quiet title claim (Count III) is premised on an argument that the securitization of the loan triggered a requirement by the original lender or Trustee to release the Deed of Trust. As Defendants pointed out, however, the Deed of Trust indicates the loan may be sold without notice to the borrower, and that it is the borrower's obligation to pay the debt until all amounts detailed therein are satisfied. Plaintiff, in response, simply stated again that he believes the sale of the loan to a new bank or trust triggered the requirement of a release of the lien. He has supplied no support for his attack on the securitization of loans, though. In fact, courts have rejected similar arguments. *See, e.g., Preston v. Seterus, Inc.*, 931 F. Supp. 2d 743, 759 (N.D. Tex. 2013) (mere securitization of a note by transferring it into a trust does not extinguish the foreclosure rights of the assignee of the deed of trust). Simply put, Plaintiff does not claim that he or the Wallaces paid off the Loan. Thus, there could be no entitlement to a release of the Deed of Trust lien. Moreover, as set forth in Defendant's Motion to Dismiss, the statute of limitations has run on a claim to quiet title on this basis. This claim must be dismissed.

Plaintiff has provided no response to Defendants' arguments on his claim that they violated the Texas Civil Practice and Remedies Code at § 12.002(a) (Count V). Nor has he responded to Defendants arguments concerning his claim of a violation of the UCC at section 3-501(b)(2) (Count VI). He has, therefore, abandoned these claims and they must be dismissed.

Finally, with respect to Plaintiff's request for a declaratory judgment, while he contends there is a controversy between the parties, he still has not pleaded a viable underlying cause of action. Where all the substantive, underlying claims are subject to dismissal, a claim for declaratory relief cannot survive as a matter of law. *See Collin County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods,* 915 F.2d 167, 170-171 (5th Cir. 1990) (federal declaratory judgment act is remedial only; it is the defendant's underlying cause of action against the plaintiff that is litigated in a suit under the act)*; Walls v. JPMorgan Chase Bank, NA,* No. 4:13-cv-402, 2013 WL 5782999, at *4 (E.D. Tex. Oct. 25, 2013). This claim, too, should be dismissed.

## II. CONCLUSION

As set forth herein and in Defendants' Motion to Dismiss, Defendants respectfully request that their Motion to Dismiss be granted and that Plaintiff's Complaint be dismissed in its entirety, with prejudice. The deficiencies in Plaintiff's claims are inherent, fatal and cannot be cured by further amendment.

Respectfully submitted,

/s/ Elizabeth K. Duffy
**Thomas G. Yoxall**
Texas Bar No. 00785304
tyoxall@lockelord.com
**Arthur E. Anthony**
State Bar No. 24001661
aanthony@lockelord.com
**Elizabeth K. Duffy**
State Bar No. 24050535
eduffy@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
(214) 740-8000 (Telephone)
(214) 740-8800 (Facsimile)

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on the following in the manner indicated on November 5, 2015:

**Darrin C. Lavine**
2170 W. SR 434, Suite 260
Longwood, Florida 32779
*Pro Se and as Trustee for TWM Properties*
via U.S. mail

**Mark D. Cronenwett**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com
**Dustin C. George**
Texas Bar No. 24065287
dgeorge@mwzmlaw.com
MACKIE WOLF ZIENTZ & MANN, P.C.
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
(214) 635-2650 (Telephone)
(214) 635-2686 (Facsimile)
via the Court's electronic notification system
*Attorneys for Defendant Mackie Wolf Zientz & Mann, P.C.*

/s/ Elizabeth K. Duffy
*Attorney for Defendants*