

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| DARRIN C. LAVINE, TRUSTEE, TWM PROPERTIES, PRO SE, | § § § | |
| | § | **CAUSE NO. 4:15-cv-00671** |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| ARGENT MORTGAGE COMPANY, LLC, | § | |
| U.S. BANK NA, AS TRUSTEE IN | § | |
| INTEREST TO BANK OF AMERICA, | § | |
| N.A., AS SUCCESSOR BY MERGER TO | § | |
| LASALLE BANK, N.A., AS TRUSTEE | § | |
| FOR CERTIFICATEHOLDERS OF BEAR | § | |
| STEARNS ASSET BACKED SECURITIES 1 | § | |
| LLC, ASSET-BACKED CERTIFICATES | § | |
| SERIES 2007-AQ1, EMC MORTGAGE | § | |
| CORP., LASALLE BANK, N.A., | § | |
| MORTGAGE ELECTRONIC REGISTRATION | § | |
| SYSTEMS, JPMORGAN CHASE BANK, NA, | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
| Defendants | § | |

---

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF**
**MOTION FOR TEMPORARY RESTRAINING ORDER**

**COMES NOW,** the Plaintiff, DARRIN C. LAVINE, TWM PROPERTIES, TRUSTEE, *pro se,* and hereby files this Memorandum in Support of Motion for Temporary Restraining Order. Plaintiff asks the Court to grant a motion for a temporary restraining order against defendant. The reasons in support of this motion are set forth more fully in the attached memorandum.

**MEMORANDUM OF LAW**

**I.    Relevant Facts**

    1.    The Plaintiff brought this action on the misconduct of the Defendants during the

sale of the Plaintiff's former property and the subsequent wrongful foreclosure of residents of

Denton County, Texas.

2.      The property in question possesses the legal description of (hereinafter the

"Property"):

> **LOT 2, BLOCK 3, OF THE PENINSULA AT TWIN COVES ADDITION, 3RD FILING, AN ADDITION TO THE TOWN OF FLOWER MOUND, DENTON COUNTY, ACCORDING TO THE PLAT THEREOF RECORDED IN CABINET H, SLIDE 299, PLAT RECORDS, DENTON COUNTY, TEXAS, AS AMENDED BY CERTIFICATE OF CORRECTION OF ERROR FILED FEBRUARY 24, 1993, RECORDED IN VOLUME 3455, PAGE 399, REAL PROPERTY RECORDS, DENTON COUNTY, TEXAS.**
>
> **APN: R16042**
>
> **Address: 1915 Seaview Dr., Flower Mound, Texas 75022.**

3.      Plaintiff is basing this Petition on the misconduct of the Defendants during the

sale of the Plaintiffs' former Property and the subsequent wrongful foreclosure of residents of

Denton County, Texas.

4.      On or about August 29, 2006, Plaintiff allegedly executed a Note ("Wallace

Note") in favor of ARGENT for $612,750.00 (Six Hundred and Twelve Thousand and Seven

Hundred and Fifty Dollars).

5.      On or about August 29, 2006, the Wallaces executed a Deed of Trust ("Wallace

Deed of Trust") in favor of ARGENT as Security Interest to the Wallace Note.

6.      The Wallace Deed of Trust was recorded in Denton County, Texas Public

Records on September 29, 2006. The Wallace Deed of Trust lists the Property as being in Denton

County, Texas.

7.      The Deed of Trust contains a covenant which reads in pertinent part:

BORROWER COVENANTS that Borrower is lawfully seized of the

estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

8.    The Wallace's Deed of Trust obligates ARGENT to release the Wallace Deed of Trust upon payment of all sums secured by the Deed of Trust.

> **23. Release.** Upon payment of all sums secured by this Security Instrument, Lender shall provide a release this Security Instrument to Borrower or Borrower's designated agent in accordance with Applicable Law. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under applicable Law.

9.    Immediately after the closing date of the Wallace Loan on August 29, 2006, it appears that ARGENT improperly sold the Wallace Note to LASALLE as Trustee for the TRUST.

10.    The TRUST has a closing date of January 30, 2007; therefore, nothing can be transferred into the TRUST after the closing date.

11.    On or about September 5, 2008, ARGENT allegedly assigned the Wallace Deed of Trust to the MERS.

12.    Plaintiff declares a violation of Texas Local Government Code 192.007(a) and a broken chain of title as to the Wallace Loan at the time of the Assignment.

13.    Plaintiff declares that ARGENT no longer had the authority or resolution to assign the Wallace Deed of Trust because ARGENT had already divested itself of any rights to the Wallace Loan when it improperly sold the Wallace Note to LASALLE as Trustee for the TRUST.

14.    Plaintiff declares the September 5, 2008, Assignment fraudulent and thus void

because of a violation of Texas Local Government Code 192.007(a) and a broken chain of title as to the Wallace Loan.

15.     On or about March 23, 2012, MERS allegedly assigned the Wallace Deed of Trust to US BANK.

16.     On or about June 3, 2014, MACKIE incorrectly sent the Wallace a Notice of Foreclosure Sale. Plaintiff declares that the notice should have been sent to Plaintiff and as such MACKIE, on behalf of SPS as mortgage servicer for US BANK, did not properly notice Plaintiff of the sale.

17.     Plaintiff declares that MACKIE, on behalf of SPS as mortgage servicer for US BANK did not have the authority to schedule a Foreclosure Sale of Plaintiffs Property because the Assignment they based their claim on was fraudulent and thus void.

18.     On or about July 11, 2014, MACKIE sent the Wallaces a Notice of Acceleration. Plaintiff declares that the notice should have been sent to Plaintiff and as such MACKIE, on behalf of SPS as mortgage servicer for US BANK, did not properly notice Plaintiff of the acceleration.

19.     Prior to the August 5, 2014 Trustee Sale, Plaintiff made several attempts to notify MACKIE, SPS, and US BANK of the fraudulent and wrongful nature of their attempts to foreclose on the Property with a broken chain of title.

20.     Absent standing and/or right to proceed with the foreclosure action, MACKIE, on behalf of SPS as mortgage servicer for US BANK held a Trustee Sale on August 5, 2014.

21.     Plaintiff declares that Defendants, and each of them, cannot show a proper chain of title to establish the right to foreclose under Texas Property Code as mortgagee or mortgage servicer. *Miller v. Homecomings Financial, LLC,* 881 F.Supp. 2d 825 (S.D. Tex., 2012).

22.     Plaintiff declares that MACKIE, on behalf of SPS as mortgage servicer for US BANK, conducted a fraudulent and wrongful trustee sale against Plaintiff on August 5, 2014 and that the subsequent Substitute Trustee's Deed is void.

23.     Plaintiff declares that Defendants, and each of them, do not have the ability to establish that the Deed of Trust that secures the indebtedness (Note) was legally or properly acquired pursuant to Texas Local Government Code § 192.007(a) which declares that any transfer or assignment of the recorded deed of trust must also be recorded in the office of the clerk of court.

## II.     Law and Argument

24.     Plaintiff will likely suffer imminent and irreparable injury if defendant is not immediately restrained from executing a Writ of Possession. Fed. R. Civ. P. 65(b)(l); see *Winter v. Natural Res. Def Council, Inc.*, 555 U.S. 7, ___, 129 S. Ct. 365, 375 (2008); *Fairchild Semiconductor Corp. v. Third Dimension (3D) Semiconductor, Inc.*, 564 F. Supp. 2d 63, 67-68 (D. Me. 2008); *Northwest Airlines, Inc. v. Bauer*, 467 F. Supp. 2d 957, 963-64 (D.N.D. 2006).

25.     There is no adequate remedy at law because no remedy at law will prevent the removal and further destruction of the Plaintiff's personal effects nor will any remedy at law preserve the leverage the Plaintiff currently maintains over the tortfeasor defendants. *See, N Cal. Power Agency v. Grace Geothermal Corp.*, 469 U.S. 1306, 1306 (1984) *Wilson v. Ill. S. Ry. Co.*, 263 UY.S. 574, 576-77 (1924); *Winston v. Gen. Drivers, Warehousemen & Helpers Local Union No. 89,* 879 F. Supp. 719, 725 (W.D. Ky. 1995).

26.     There is a substantial likelihood that Plaintiff will prevail on the merits. *Fairchild*

*Semiconductor Corp.,* 564 F. Supp. 2d at 66-67. Plaintiff's Complaint includes numerous causes of action. The complaint is well supported and the action is ongoing, and has not reached it's discovery phase.

27.     Moreover, the Plaintiff's Complaint alleges fraudulent actions, a cause of action that will survive a motion for summary judgment. *See Kingman Holdings, LLC v. Citimortgage, Inc. et al.,* 4: 1 O-cv-619 (E.D. Tex). Additionally, the Plaintiff has submitted to this Court documentation reflecting a break in the chain of title.

28.     The facts in the Plaintiff's case and the basis for his declaratory and wrongful foreclosure complaint mirror the fact pattern of a case in the Northern District of Texas in which the Northern District issued a Memorandum Opinion on December 22, 2011 in favor of the plaintiff. *See, McCarthy* v. *Bank of America et al.,* 4: 11-cv-356-A.

29.     The threatened harm to Plaintiff outweighs the harm that a temporary restraining order would inflict on the Defendants. *Fairchild Semiconductor Corp.,* 564 F. Supp. 2d at 68; *see Schiavo ex rel. Schindler* v. *Schiavo,* 403 F.3d 1223, 1225-26 (11th Cir. 2005).

30.     Issuance of a temporary restraining order would not adversely affect the public interest and public policy. Allowing homeowners to maintain their leverage under such circumstances promotes the parties' ability to resolve such matters without a court's intervention. Negotiated resolution supports the public interest and promotes judicial efficiency. Permitting homeowners to remain in their properties while title issues involving well documented fact issues also serves as an incentive for lenders to maintain more conscientious operations. *Midwest Retailer Associated* v. *City of Toledo,* 563 F. Supp. 2d 796, 815 (N.D. Ohio 2008); *see Schiavo,* 403 F.3d at 1225-26.

31.     Plaintiff asserts that he is at least entitled to a declaration of right or legal relations

under the Wallace Note and Wallace Deed of Trust pursuant to the Texas Declaratory Judgment Act.

32.     Plaintiff's Cause of Action - as the record demonstrates - is that over the course of the transferring, selling, and, dealing of the Wallace Note and Wallace Deed of Trust; somehow, some way, a proper transfer/assignment of the loan was never accomplished according to Texas Local Government Code § 192.007(a) which declares that any transfer or assignment of the recorded deed of trust must also be recorded in the office of the clerk of court.

33.     Upon information and belief, Plaintiff is defending the title to his Property.

### CONCLUSION

34.     In spite of the Plaintiff's well documented presentation of several fact issues relating to the foreclosure proceedings, the Defendants nonetheless are attempting to take possession of the Plaintiff's property by executing a Writ of Possession. This will result in the Plaintiff suffering imminent and irreparable harm as a result of the loss or damage to his personal property and as a result of his loss of negotiating leverage which will seriously compromise the parties' ability to resolve these matters outside of court. The issuance of a Temporary Restraining Order will result in no harm to the defendant or, if it does result in harm, such harm will be de minimum.

35.     There exists for the plaintiff no adequate remedy at law and the plaintiff will suffer substantial harm whereas the Defendants will realize no harm if the restraining order issues. Issuance of a Temporary Restraining Order in this matter will serve the public interest because a Temporary Restraining Order will encourage a negotiated resolution. For these reasons, Plaintiff asks the Court to issue a temporary restraining order preventing the Defendants from forcibly evicting the Plaintiff.

Dated this 16th day of November, 2015.

Respectfully submitted by,

Date: 11·16·15

*Darrin C. La Vine*

DARRIN C. LAVINE, *pro se*
2170 W. SR 434, Suite 260
Longwood, Florida 32779

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by Electronic Mail upon the following parties, Mark D. Cronenwett, Esq., Dustin C. George, Esq., MACKIE WOLF ZIENTZ & MANN, P.C., 14160 North Dallas Parkway, Suite 900, Dallas TX 75254, email address(s), mcronenwett@mwzmlaw.com; dgeorge@mwzmlaw.com; this 16th day of November, 2015.

*Darrin C. La Vine*

DARRIN C. LAVINE