IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DARRIN C. LAVINE, TRUSTEE, TWM PROPERTIES, PRO-SE, | § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. 4:15-cv-00671-RC-DDB |
| ARGENT MORTGAGE COMPANY, LLC, ET AL., | | |
| Defendants. | | |

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER

U.S. Bank, NA, as Trustee in Interest to Bank of America, N.A., as Successor by Merger to LaSalle Bank, N.A. as Trustee for Certificateholders of Bear Stearns Asset Backed Securities 1 LLC, Asset-Backed Certificate Series 2007-AQ1 ("Trustee"), Mortgage Electronic Registration Systems ("MERS"), and Select Portfolio Servicing, LLC ("SPS") (together, "Defendants") file this their Response in Opposition to Plaintiff's Memorandum in Support of Motion for Temporary Restraining Order, and respectfully show the Court as follows:

### I. INTRODUCTION

Plaintiff Darrin C. Lavine, Trustee for TWM Properties (*pro se*) ("Plaintiff") has filed a motion seeking a temporary restraining order to prevent Defendants from executing on a writ of possession for the property at issue in this case. (*See* Plaintiff's Memorandum in Support of Motion for Temporary Restraining Order (Doc. 15) (the "Motion").) Plaintiff's Motion should be denied. He cannot satisfy the elements necessary to obtain a restraining order or preliminary

injunctive relief. In addition, the *Rocker-Feldman Doctrine* prevents this Court from exercising jurisdiction to prevent the execution on a state court judgment for possession.

## II. ARGUMENT AND AUTHORITIES

### A. Legal Standards

"[T]here are four prerequisites for the extraordinary relief of a temporary restraining order or preliminary injunction. To prevail, the applicant must demonstrate (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the Defendant; and (4) that the injunction will not disserve the public interest. *Van Hauen v. Wells Fargo Bank, N.A.*, No. 4:12-CV-344, 2012 WL 4092517, at *1 (E.D. Tex. Aug. 16, 2012) report and recommendation adopted, No. 4:12CV344, 2012 WL 4092514 (E.D. Tex. Sept. 17, 2012) (citing *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 285 (5th Cir. 1999) and *Clark v. Prichard,* 812 F.2d 991, 993 (5th Cir. 1987)). If the movant fails to sufficiently establish any one of the four criteria, the relief should be denied. *Id.* (citing *Black Fire Fighters Ass'n v. City of Dallas, Tex.,* 905 F.2d 63, 65 (5th Cir.1990)). It is the movant's burden to introduce sufficient evidence to justify the grant of this extraordinary relief. *Id.* (citations omitted).

### B. Plaintiff Cannot Establish The Elements Necessary for a Temporary Restraining Order

Here, Plaintiff has not and cannot establish the elements necessary to justify a temporary restraining order. Plaintiff cannot establish the substantial likelihood of success on the merits of his claims in this lawsuit. Plaintiff's complaints in this matter concern alleged problems with the assignments of the deed of trust encumbering his property and allegations that Defendants could not prove themselves to be the owner of the loan evidenced by the deed of trust prior to

foreclosure. Based on these allegations, he attempts to assert causes of action for misrepresentations, lack of ownership of the note at the time of foreclosure, quiet title, violations of the Texas Civil Practice and Remedies Code, failure of presentment, and a declaratory judgment claim. Plaintiff has made no attempt to address the elements of these causes of action in his Motion to establish the likelihood of success. He has failed entirely to carry his burden of persuasion. Moreover, as fully set forth in Defendants' Motion to Dismiss, which Defendants incorporate herein by reference, as a matter of well-established law, Plaintiff lacks standing to complain about the assignments of the loan and there is no requirement that Defendants prove themselves to be the owners of the loan before foreclosing. (*See* Defendants' Motion to Dismiss Plaintiff's Complaint and Brief in Support Thereof (Doc. 7).) Plaintiff cannot establish a substantial likelihood of success on his claims against Defendants as a matter of law. (*See* Doc. 7.) Thus, Plaintiff's request for a restraining order should be denied. *Van Hauen*, 2012 WL 4092517, at *1.

C. **This Court Lacks Jurisdiction to Issue the Relief Requested**

"The *Rooker–Feldman* doctrine bars cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Knoles v. Wells Fargo Bank, N.A.*, No. 4:12-CV-68, 2012 WL 1564947, at *1 (E.D. Tex. Mar. 8, 2012) report and recommendation adopted, No. 4:12-CV-68, 2012 WL 1565084 (E.D. Tex. Mar. 20, 2012) aff'd, 513 F. App'x 414 (5th Cir. 2013) (citing *Chamberlain v. 625 Orleans, LP*, 2011 WL 1627080, *4 (E.D. Tex. 2011) and *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Here, Plaintiff is seeking to prevent Defendants from executing a writ of possession. A writ of possession arises from a judgment for possession issued by a Justice Court. Plaintiff's requested relief would be a direct bar to the eviction ordered by the Justice

Court and it constitutes a direct attack of the state court order. *Id.* "*Rooker–Feldman* precludes federal district courts from exercising subject-matter jurisdiction over collateral attacks on state court judgments." *Id.* (quotation omitted). Accordingly, pursuant to the *Rooker-Feldman* doctrine, this Court does not have jurisdiction to grant the requested temporary restraining order. *See id.* For this reason, as well, the Motion should be denied.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion for a temporary restraining order.

Respectfully submitted,

/s/ Elizabeth K. Duffy
**Thomas G. Yoxall**
Texas Bar No. 00785304
tyoxall@lockelord.com
**Arthur E. Anthony**
State Bar No. 24001661
aanthony@lockelord.com
**Elizabeth K. Duffy**
State Bar No. 24050535
eduffy@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
(214) 740-8000 (Telephone)
(214) 740-8800 (Facsimile)

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on the following in the manner indicated on November 30, 2015:

**Darrin C. Lavine**
2170 W. SR 434, Suite 260
Longwood, Florida 32779
*Pro Se and as Trustee for TWM Properties*
via U.S. mail

**Mark D. Cronenwett**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com
**Dustin C. George**
Texas Bar No. 24065287
dgeorge@mwzmlaw.com
MACKIE WOLF ZIENTZ & MANN, P.C.
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
(214) 635-2650 (Telephone)
(214) 635-2686 (Facsimile)
via the Court's electronic notification system
*Attorneys for Defendant Mackie Wolf Zientz & Mann, P.C.*

/s/ Elizabeth K. Duffy
*Attorney for Defendants*