
FILED
JUN 17 2016
Clerk, U.S. District Court
Texas Eastern

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DARRIN C. LAVINE, TRUSTEE, TWM PROPERTIES, PRO SE, | § § § | CAUSE NO. 4:15-cv-00671 |
| Plaintiff, | § § | |
| v. | § § | |
| ARGENT MORTGAGE COMPANY, LLC, U.S. BANK NA, AS TRUSTEE IN INTEREST TO BANK OF AMERICA, N.A., AS SUCCESSOR BY MERGER TO LASALLE BANK, N.A., AS TRUSTEE FOR CERTIFICATEHOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES 1 LLC, ASSET-BACKED CERTIFICATES SERIES 2007-AQ1, EMC MORTGAGE CORP., LASALLE BANK, N.A., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, JPMORGAN CHASE BANK, NA, BANK OF AMERICA, N.A., | § § § § § § § § § § § § § § | |
| Defendants | § § | |

## PLAINTIFF'S MOTION TO COMPEL PRODUCTION

COMES NOW, the Plaintiff, DARRIN C. LAVINE, TWM PROPERTIES, TRUSTEE, pro se, and pursuant to Rule 37 of the Federal Rules of Civil Procedure hereby moves the Court to compel Defendants, ARGENT MORTGAGE COMPANY, LLC (hereinafter "ARGENT") and U.S. BANK NA, AS TRUSTEE IN INTEREST TO BANK OF AMERICA, N.A., AS SUCCESSOR BY MERGER TO LASALLE BANK, N.A., AS TRUSTEE FOR CERTIFICATEHOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES 1 LLC, ASSET-BACKED CERTIFICATES SERIES 2007-AQ1, (herein "U.S. BANK"), to comply

with their discovery obligations and produce complete and accurate responses to Plaintiff's First Set of Interrogatories, Requests for Production, and Request for Admission.

This is a motion to compel Defendants to comply with Plaintiff's discovery requests and to ensure fair, appropriate and secure access to vital evidence by all parties.

## I. Factual History

1. The Plaintiff brought this action on the misconduct of the Defendants during the sale of the Plaintiff's former property AND the subsequent wrongful foreclosure of residents of Denton County, Texas.

2. Plaintiff is basing this Petition on the misconduct of the Defendants during the sale of the Plaintiffs' former Property and the subsequent wrongful foreclosure of residents of Denton County, Texas.

3. On or about February 17, 2016, the Plaintiff served Interrogatories, Request for Admissions and Request for Production upon the Defendant, U.S. BANK.

4. On or about March 18, 2016, the Defendant, U.S. Bank served its Objections to each and every Interrogatory, Request for Admissions, and Request for Production. (See attached)

5. On or about April 13, 2016, the Plaintiff served Interrogatories, Request for Admissions and Request for Production upon the Defendant, Argent Mortgage Company.

6. On or about May 11, 2016, the Defendant, Argent Mortgage Company, LLC served its Objections to each and every Interrogatory, Request for Admissions, and Request for Production. (See attached)

7. Both of the Defendants' repetitive objections are erroneously based upon Gramm-Leach-Bliley Financial Modernization Act of 1999 (the "GLB Act"), 15 U.S.C. sec. 6802(e) and

the Financial Privacy Act, 12 U.S.C. sec. 3413 (h).

## II. <u>Legal Standing</u>

8. Rule 26(b)(1) of the Federal Rules of Civil Procedure provides for liberal discovery. *St. Paul Reins. Co., Ltd. V Commercial Fin. Corp.*, 198 F.R.D. 508, 512 (N.D. Iowa 2000)(citations omitted). In part, it provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.

Fed.R.Civ.P. 26(b)(1)

9. Under the Federal Rules, a party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection . . . if . . . a party fails to answer an interrogatory submitted under Rule 33; or . . . a party fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed.R.Civ.P. 37(a)(3)(B). "The party moving to compel production of documents bears the initial burden of explaining how the requested information is relevant." *Jewish War Veterans v. Gates*, 506 F. Supp. 2d 30, 42 (D.D.C. 2007) (citing *Bethea v. Comcast*, 218 F.R.D. 328, 329 (D.D.C. 2003)). "Once that showing is made, however, the burden shifts to the objecting party to explain why discovery should not be permitted." *Id.*; *see also Alexander v. FBI*, 192 F.R.D. 50, 53 (D.D.C.2000).

10. In the instant action, neither of the Defendants have contested the relevance of the information and documents requested by the Plaintiff; therefore, the burden rests with the Defendants to show why it should not be required to answer the discovery requests.

11. Moreover, courts have interpreted Rule 26 to provide for liberal discovery. *St. Paul Reins. Co.*, 198 at 511 (citing cases). See also, *Liberty Mut. Fire Ins. Co. v. Centimark Corp.*, 08CV230-DJS, 2009 Wl 539927, at *1 (E.D. Mo. Mar. 4, 2009)(holding that Rules 26(b) and 34 provide for broad discovery)(citations omitted). "Thus, as long as the parties request information or documents relevant to the claims at issue in the case, and such requests are tendered in good faith and are not unduly burdensome, discovery shall proceed." *St. Paul Reins. Co.*, 198 F.R.D. at 511 (citing *M. Berenson Co., Inc. v. Faneuil Hall Marketplace, Inc.*, 103 F.R.D. 635, 637 (D. Mass. 1984)). See also *Liberty Mut. Fire Ins.*, 2009 WL 539927, at *1 (holding that requesting party need only make a "threshold showing of relevance" under Rule 26(b)).

12. The party resisting production bears the burden of establishing lack of relevance or undue burden. *St. Paul Reins. Co.*, 198 F.R.D. at 511 (citations omitted). The objecting party "must demonstrate to the court 'that the requested documents either do not come within the broad scope of relevance defined pursuant to Fed.R.Civ.P. 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.'" *Id.* (quoting *Burke v. New York City Police Dep't*, 115 F.R.D. 220, 224 (S.D.N.Y.1987)). As previously stated, the burden rests with the Defendants to show why it should not be required to answer the discovery requests.

III. **Gramm-Leach-Bliley Financial Modernization Act of 1999 (the "GLB Act"), 15 U.S.C. sec. 6802(e) and the Financial Privacy Act, 12 U.S.C. sec. 3413 (h)**

13. Congress, over time, has enacted three similar, yet distinguishable acts which pertain to a customer's right to privacy. While providing different protections, the acts similarly affect the privacy rights of customers. Congress responded first with the Right to Financial Privacy Act of 1978 ("RFPA"). 12 U.S.C. §§ 3401-22 (2012). The RFPA protects customer

records, maintained by financial institutions, from improper disclosure to officials or agencies of the federal government. Id. § 3402. The RFPA prohibits financial institutions from disclosing, to the federal government, records held without the government first notifying the customer and allowing for a waiting period. Id. at § 3410. It is imperative to remember that the RFPA only applies to the federal government; failing to reach requests made by state or local government and private parties. Id. § 3401.

14. A little over twenty years later, the Gramm-Leach-Bliley Act ("GLBA") was adopted. 15 U.S.C. §6801 (2012). The GLBA informs financial institutions of an "affirmative and continuing obligation" to respect and protect the security, integrity and confidentiality of customer information. Id. Under the GLBA, financial institutions must deliver notices to customers regarding the collection and information sharing policies; providing customers with the choice to opt-out if they do not want their information shared with nonaffiliated third parties. 15 U.S.C. § 6802(b), (e) (2012). The GLBA does not protect the entirety of the customer's information; limiting only the disclosure of "nonpublic personal information." Summarizing the definition, this means any personally identifiable information about a customer, or list of customers, created through the use of personally identifiable information that is not publicly available. Id. § 6809. The GLBA, however, only protects privacy relating to consumer transactions; allowing specific exceptions for when a financial institution may share information that the customer cannot choose to opt-out. Id. § 6802(e).

15. In the instant action, the Defendants objections are inapplicable as Paragraph Q of the Mortgage deed of the propriety in question specifically gives the successor delegated interest:

> **"Successor In Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

16. Thus, because an assignor retains no interests or "rights" in a contract, etc., after it's been assigned, he/she also doesn't have the right to assert privilege. Additionally, or alternatively, because the assignee "steps into the shoes of" and has all the "rights of" the assignor, only the Plaintiff, DARRIN C. LAVINE, TWM PROPERTIES, TRUSTEE could ~~assert privilege but he~~ has waived that right by compelling the production of the information/documents requested.

17. "An assignment is a transfer of all the interests and rights to the thing assigned." *Gateway Greens Cmty. Ass'n v. Comcast of the South, Inc.*, 2011 U.S. Dist. LEXIS 51513, *9 (M.D. Fla. May 13, 2011). There is no ambiguity in Warranty Deeds and the fact that the grantor of the deed retains no rights to enforce the contract after it is assigned and the grantee stands in the shoes of the grantor and has all the rights enjoyed by the grantor.

18. A deed term is not ambiguous because of a simple lack of clarity. See *DeWitt County Elec. Co-op., Inc. v. Parks*, 1 S.W.3d 96, 100 (Tex. 1999); *Universal C.I.T. Credit Corp. v. Daniel*, 243 S.W.2d 154, 157 (Tex. 1951). A deed term is not ambiguous merely because the parties disagree on its meaning. See *Seagull Energy E & P, Inc. v. Eland Energy, Inc.*, 207 S.W.3d at 345; *DeWitt County*, 1 S.W.3d at 100. An ambiguity arises only after the application of established rules of construction leaves a deed susceptible to more than one meaning. *Brown v. Havard*, 593 S.W.2d at 942; see also *DeWitt County*, 1 S.W.3d at 100. For an ambiguity to exist, both potential meanings must be reasonable. See *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 229; *Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.*, 940 S.W.2d 587, 589 (Tex. 1996).

19. Because deed vests in the grantee the right to enforce the contract, a grantor retains no rights to enforce the contract after it has been assigned. Likewise in the instant action,

neither the Robert Wallace, Michelle Wallace, or the Defendants have any rights to enforce privilege and/or confidentiality. Robert & Michelle Wallace transferred all rights to DARRIN C. LAVINE, TWM PROPERTIES, TRUSTEE and therefore the Defendants can't claim privilege on behalf of Robert & Michelle Wallace.

20. Moreover, the documents requested from the Defendants do not require personal and/or confidential information of Robert & Michelle Wallace. The requests are strictly regarding proof of ownership, servicing information, pooling and servicing information, sales, assignments, purchases, etc. of the note and mortgage that is at issue. Any and all personal and/or confidential information of Robert and/or Michelle Wallace can be redacted.

**WHEREFORE**, Plaintiff, DARRIN C. LAVINE, TWM PROPERTIES, TRUSTEE, respectfully requests that this Honorable Court order Defendants, ARGENT MORTGAGE COMPANY, LLC and U.S. BANK NA, AS TRUSTEE IN INTEREST TO BANK OF AMERICA, N.A., AS SUCCESSOR BY MERGER TO LASALLE BANK, N.A., AS TRUSTEE FOR CERTIFICATEHOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES 1 LLC, ASSET-BACKED CERTIFICATES SERIES 2007-AQ1 to produce forthwith more specified and better responses to Plaintiff's Interrogatories, Request for Admissions, and Request for Production along with any and all other relief this court finds just and proper.

Dated this 17th day of June, 2016.

Respectfully submitted by,

/s/ Darrin C. La Vine
DARRIN C. LAVINE
2170 W. SR 434, Suite 260
Longwood, Florida 32779
dlavine@titansreservegroup.com
legal@titansreservegroup.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Electronic Mail upon the following parties, Tanya Nicole Garrison, Esq., Weycer Kaplan Pulaski & Zuber, Eleven Greenway Plaza, Suite 1400, Houston, TX 77046, tgarrison@wkpz.com this 17th day of June, 2016.

Darrin C. LaVine
DARRIN C. LAVINE
2170 W. SR 434, Suite 260
Longwood, Florida 32779
dlavine@titansreservegroup.com
legal@titansreservegroup.com