IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DARRIN C. LAVINE, TRUSTEE, TWM PROPERTIES, PRO-SE, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:15-cv-00671-RC-DDB |
| ARGENT MORTGAGE COMPANY, LLC, ET AL., | § § § § | |
| Defendants. | § § § | |

### DEFENDANT TRUSTEE'S RESPONSE TO
### PLAINTIFF'S MOTION TO COMPEL DISCOVERY

U.S. Bank, NA, as Trustee in Interest to Bank of America, N.A., as Successor by Merger to LaSalle Bank, N.A. as Trustee for Certificateholders of Bear Stearns Asset Backed Securities 1 LLC, Asset-Backed Certificate Series 2007-AQ1 ("Trustee") files this its Response to Plaintiff's Motion to Compel Discovery[1], and respectfully shows the Court as follows:

### I. INTRODUCTION

Plaintiff Darrin C. Lavine, Trustee for TWM Properties (*pro se*) ("Plaintiff") seeks an order compelling unspecified discovery from Trustee. (*See* Plaintiff's Motion to Compel Production (Doc. 23) (the "Motion").) Plaintiff's Motion should be denied for three reasons. *First,* Plaintiff failed to confer with Trustee's counsel before filing the Motion, which is required by the Federal Rules of Civil Procedure applicable to all litigants, including those proceeding *pro*

---

[1] Plaintiff's motion is entitled a Motion to Compel Production; however, in the motion, Plaintiff appears to request additional responses to his requests for admissions and interrogatories, as well as documents responsive to his requests for production.

*se*.² Plaintiff has made no effort to give notice of or resolve any alleged discovery dispute before presenting this matter to the Court. **Second,** Plaintiff has failed to articulate what specific additional information or documents he is seeking. Plaintiff served 22 requests for admissions, 24 interrogatories and 25 requests for production of documents on Trustee. (*See* Declaration of Elizabeth K. Duffy and Exhibit 1 thereto, attached hereto as <u>Exhibit A</u>.) He gives no indication which of these requests are at issue in the Motion. Instead, he generally complains about Trustee's privacy objections. Trustee objected that Plaintiff is not entitled to the private loan information of borrowers who are not parties to this lawsuit. Trustee made this objection with respect to 20 requests for admissions, 8 interrogatories and 22 requests for production, among other objections. (*See id.* at Exhibit 2 thereto.³) Without more information as to specifically which requests for admissions, interrogatories or requests for production are at issue, Trustee is prejudiced and cannot provide a full response to Plaintiff's Motion. **Third**, and most importantly, Plaintiff really has no right to any additional information or documents in this case. Plaintiff's lawsuit concerns a foreclosure of a lien completed by Trustee in 2014. Plaintiff is not the borrower here. Plaintiff contends the borrowers transferred the property to him in 2013. Nevertheless, he still cannot challenge the foreclosure on any grounds that fall short of demonstrating the sale was void. Here, he only complains about improper assignments of Trustee's lien. Even if the assignments were defective, the law is well settled that this would not render the foreclosure sale void. Plaintiff's claims lack any merit whatsoever. (*See* Defendants'

---

²     As set forth in Defendants' Motion to Dismiss (Doc. 5), Darrin C. Lavine, who is not an attorney, cannot represent TWM Properties *pro se*. <u>This case must be dismissed until Plaintiff retains an attorney.</u> A non-attorney trustee may not represent a trust *pro se*. "[I]ndividuals who do not have a law license may not represent other parties in federal court even on a next friend basis." *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978); ***Dillard Family Trust v. Chase Home Finance, LLC*, 3:11-CV-1740-L, 2011 WL 6747416, at \*5 (N.D. Tex. Dec. 23, 2011) (citations omitted) ("a non-attorney trustee may not represent a trust pro se.")**. This applies to trustees attempting to represent trusts *pro se*. *Dillard Family Trust*, 2011 WL 6747416, at \*5.

³     Specifically, Trustee objected on privacy grounds to Plaintiff's Requests for Production Nos. 1-10, 12-21, 23-24. Trustee objected on privacy grounds to Plaintiff's Requests for Admissions Nos. 1-20, and Plaintiff's Interrogatories Nos. 3, 5, 10, 11, 16, 17, 22 and 24.

Motion to Dismiss Plaintiffs' Complaint and Brief in Support Thereof (Doc. 5), which is still pending with the Court.) And further, Plaintiff has no right to any of Trustee's or the borrowers' nonpublic foreclosure or loan records. He has made no complaint in this lawsuit that would relate to these records. Nonpublic loan information is irrelevant to Plaintiff's claims and his apparent demands for this information should be denied.

## II.     ARGUMENT AND AUTHORITIES

A.     **Plaintiff Failed to Confer with Counsel for Trustee**

As an initial matter, Plaintiff has failed to meet the basic prerequisites of the Federal Rules of Civil Procedure before filing his Motion. Rule 37 governs motions to compel. This Rule provides that a party may move for an order compelling discovery only under certain circumstances:

> **On notice to other parties and all affected persons**, a party may move for an order compelling disclosure or discovery. **The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.**

FED. R. CIV. P. 37(a)(1) (emphasis added). These requirements apply to both represented and *pro se* litigants alike. *See Greer v. Bramhall*, 77 F. App'x 254, 255 (5th Cir. 2003) (holding that an Eastern District of Texas district judge's failure to rule on a motion to compel before granting summary judgment to the other party was not prejudicial or in error because the inmate's motion to compel did not contain the required Rule 37(a)(2)(B) certification and was therefore procedurally inadequate); *Jacob v. BAC Home Loans Servicing*, No. 7:14-CV-036-DAE, 2015 WL 3407387, at *9 (W.D. Tex. May 26, 2015) (applying this Rule to a *pro se* litigant and denying the motion to compel for failure to confer); *see also Dever v. Cequel III Commc'ns I, LLC*, No. 4:10CV101, 2011 WL 938307, at *7 (E.D. Tex. Feb. 16, 2011), report and recommendation adopted sub nom., 2011 WL 933714 (E.D. Tex. Mar. 16, 2011) ("Although

Plaintiff is proceeding pro se, Plaintiff must still comply with the Federal Rules of Civil Procedure..."); *Hall v. United States*, No. CIV.A. 6:06-CV-528, 2008 WL 276397, at *3 (E.D. Tex. Jan. 30, 2008) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (per curiam)) (noting that pro se plaintiff acquires no greater rights than a litigant represented by counsel, and are equally subject to the established rules of practice and procedure); *but see* Local Rule CV-7 (h) (exempting *pro se* litigants from Court's local "meet and confer" and "certificate of conference requirements").

Here, Plaintiff did not give notice to Trustee before filing the Motion. (*See* Declaration of Elizabeth K. Duffy.) Plaintiff's Motion does not include a certification that he has made a good faith attempt to obtain the discovery he seeks without intervention from the Court. This constitutes a violation of Federal Rule of Civil Procedure 37(a)(1). This alone is reason enough for the Court to deny the Motion. *See Jacob*, 2015 WL 3407387, at *9; *Greer*, 77 F. App'x at 255.

**B.   Plaintiff is Not Entitled to Further Discovery**

This Motion should also be denied because Plaintiff is not entitled to further discovery.

1.   <u>Plaintiff Has Failed to Detail What Additional Discovery He Seeks</u>

Federal Rule of Civil Procedure 37(a)(3)(B)(iii) and (iv) provide that a party seeking discovery may move for an order compelling an answer to an interrogatory or production of a document requested. Specifically, the party may seek compulsion if "a party fails to answer an interrogatory submitted under Rule 33" or "a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." FED. R. CIV. P. 37(a)(3)(B)(iii) and (iv). The party resisting discovery must show specifically how each discovery request at issue in the motion to compel is not relevant or is otherwise

objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).

Here, Plaintiff makes no effort in his Motion to explain what requests are at issue; he fails to identify any specific requests to which Trustee has allegedly failed to adequately respond. Instead, Plaintiff only generally complains about Trustee's privacy objections based on the Gramm-Leach-Bliley Financial Modernization Act of 1999 (the "GLB Act"), 15 U.S.C. sec. 6802(e) and the Financial Privacy Act, 12 U.S.C. sec. 3413 (h). Trustee objected to 20 requests for admissions, 8 interrogatories and 22 requests for production on privacy grounds, among numerous other objections. (*See* Declaration of Elizabeth K. Duffy at Exhibit 2 thereto.[4]) Without more information as to specifically which requests for admissions, interrogatories or requests for production are at issue, Trustee is prejudiced and cannot address or fully meet its burden of showing how each discovery request is objectionable. Plaintiff has not supplied enough detail in his Motion regarding the discovery at issue in order for Trustee to meaningfully respond, much less for the Court to award any relief based on the Motion. The Motion should be denied on this basis.

2.  <u>Plaintiff is Not Entitled to the Borrowers' Nonpublic Loan Information</u>

Even if Plaintiff had detailed what information he is actually seeking in his Motion, his Motion should fail. Plaintiff argues one point—that Trustee's privacy objections to the discovery are inapplicable. (*See generally* Motion.) As noted, Trustee has objected to numerous of the requests and interrogatories seeking nonpublic loan information on privacy grounds. Trustee, however, has also asserted several other objections to those same requests and interrogatories. Trustee also objected to the same 20 requests for admissions, 8 interrogatories

---

[4] Specifically, Trustee objected on privacy grounds to Plaintiff's Requests for Production Nos. 1-10, 12-21, 23-24. Trustee objected on privacy grounds to Plaintiff's Requests for Admissions Nos. 1-20, and Plaintiff's Interrogatories Nos. 3, 5, 10, 11, 16, 17, 22 and 24.

and 22 requests for production seeking nonpublic information about Michelle and Robert Wallace's loan performance and other loan details, as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. (*See* Declaration of Elizabeth K. Duffy at Exhibit 2 thereto.[5]) These objections provide definitive grounds on which the discovery should be barred, yet Plaintiff has failed to challenge these other objections.[6]

Most critically, nonpublic loan information is irrelevant to Plaintiff's claims in this lawsuit. The lawsuit is limited to complaints about the assignment of the lien to Trustee and Trustee's chain of title. (*See* Original Petition & Application for Permanent Injunction (Doc. 4) (the "Complaint").) This is the only ground on which Plaintiff has challenged the foreclosure. Plaintiff does not claim that the Wallaces' loan was not in default at the time of foreclosure or that the foreclosure violated a bankruptcy automatic stay, for example. (*See generally* Complaint.) He challenges the foreclosure solely on grounds that the assignment of the lien to Trustee was defective. This allegation is insufficient to state a claim as a matter of law. (*See* Defendants' Motion to Dismiss Plaintiff's Complaint and Brief in Support Thereof (Doc. 5), pending with the Court); *Reinagel v. Deutsche Bank Nat. Trust Co.*, 735 F.3d 220, 225 (5th Cir. 2013) (holding an obligee can only challenge foreclosure on grounds that would render the sale void, not just voidable, and defective assignments would only render the sale voidable); *Granato v. Deutsche Bank Nat. Trust Co.*, No. SA-13-CV-417-DAE, 2013 WL 5839326, at *4 (W.D. Tex. Oct. 29, 2013) (a subsequent owner of the property can only challenge a foreclosure sale on grounds that would render the sale void) (citing *Estelle v. Hart*, 55 S.W.2d 510, 513 (Tex.

---

[5] Specifically, see Trustee's objections and responses to Plaintiff's Requests for Production Nos. 1-10, 12-21, 23-24, Plaintiff's Requests for Admissions Nos. 1-20, and Plaintiff's Interrogatories Nos. 3, 5, 10, 11, 16, 17, 22 and 24.

[6] In fact, Plaintiff claims Trustee has not contested the relevance of the information and documents sought. (Motion at ¶ 10.) This is incorrect. (*See* Declaration of Elizabeth K. Duffy at Exhibit 2.)

Comm'n App. 1932)); *W & L Ventures, Inc. v. E. W. Bank,* No. CIV.A. H-13-00754, 2014 WL 1248157, at *4 (S.D. Tex. Mar. 26, 2014) (same) (citing *Elbar Investments, Inc. v. Wilkinson*, No 14–99–002967–CV, 2003 WL 22176624, at *2 (Tex. App.-Houston [14th Dist.] Sept. 23, 2013)). Even if Plaintiff could maintain an action against Defendants based on this allegation, the Wallaces' payment history, loan origination details, credit information, and all other nonpublic information about the Wallaces' loan, which Plaintiff appears to seek, is irrelevant. Such information has no bearing on the chain of title of the lien or the assignment of the lien to Trustee. Trustee has produced all documents demonstrating the chain of title and assignment of the lien to Trustee. (*See* Declaration of Elizabeth K. Duffy at Exhibit 2 thereto.) Other nonpublic information about the loan is not "relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). Also, considering "the importance of the issues at stake in the action," and "the importance of the discovery in resolving the issues," as set forth above, requests for nonpublic loan information about the Wallaces are irrelevant and cannot be within the scope of discovery contemplated by the Federal Rules for this case. *See id.*

Finally, Plaintiff's complaint about Trustee's privacy objections lacks merit. Plaintiff argues his discovery requests about the Wallaces' loan performance and other details about the loan do not seek "nonpublic personal information" within the scope of the GLB Act because he is a "successor in interest" of the borrowers. (*See* Motion at pp. 5-6.) The mere fact of a transfer of the property from the Wallaces to Plaintiff does not mean Plaintiff is entitled to the Wallaces nonpublic loan information. He does not claim to have assumed the loan by agreement of Trustee and the Wallaces. (*See* Complaint.) He does not claim to have executed in writing an assumption or to be in privity with Trustee in any manner with respect to the loan. He only claims to be a subsequent owner of the property. (*See id.*) As a subsequent owner or "successor in interest" the deed of trust does not grant him any rights to the Wallaces' nonpublic loan

information. (*See* Deed of Trust, a true and correct file-stamped copy of which is attached hereto as Exhibit B[7]); *402 Lone Star Property, LLC v. Bank of Am., N.A.*, No. 03-13-00322-CV, 2014 WL 4058715, at *3 (Tex. App.—Austin Aug. 12, 2014, no pet.) (as a non-party to the loan, the plaintiff was not entitled to any information related to the loan); *Schlotte v. Option One Mortg. Corp.*, No. 09-11-00208-CV, 2012 WL 1951125 (Tex. App.—Beaumont May 31, 2012, pet. denied) (mem.op.) (even though plaintiff allegedly purchased property and had attempted to negotiate an assumption of mortgage, lender did not ratify transfer of duties to plaintiff under deed of trust, and, thus, no evidence of privity between plaintiff and lender existed and lender was not required to provide plaintiff with notice of foreclosure)). The GLB Act, on the other hand, applies to financial institutions like Trustee and imposes "an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information." 15 U.S.C.A. § 6801.

In this case, Plaintiff is seeking nonpublic personal loan information about the Wallaces. However, how the Wallaces' performed on their loan obligations or how Trustee applied payments, for example, are activities that have no bearing on Plaintiff's claims here about the chain of title of the deed of trust. There is no need for the disclosure of any nonpublic loan information. Such information is irrelevant to Plaintiff's claims. Therefore, the privacy rights at issue outweigh the discovery sought by Plaintiff.

### III. CONCLUSION AND REQUEST FOR PROTECTIVE ORDER AND EXPENSES

For the foregoing reasons, Trustee respectfully requests that the Court deny Plaintiff's Motion seeking to compel additional discovery responses and production of documents. Trustee also requests, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), a protective order authorized under Rule 26(c), protecting Trustee from discovery of nonpublic loan information.

---

[7] Trustee requests that the Court take judicial notice of the file-stamped Deed of Trust, existing in the real property public records of Denton County, pursuant to Federal Rule of Evidence 201.

In addition, Trustee requests, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), an order awarding its reasonable expenses, including attorneys' fees, incurred in opposing the Motion. Trustee also requests such other and further relief to which it may be entitled.

Respectfully submitted,

/s/ Elizabeth K. Duffy

**Thomas G. Yoxall**
Texas Bar No. 00785304
tyoxall@lockelord.com
**Arthur E. Anthony**
State Bar No. 24001661
aanthony@lockelord.com
**Elizabeth K. Duffy**
State Bar No. 24050535
eduffy@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
(214) 740-8000 (Telephone)
(214) 740-8800 (Facsimile)

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on the following in the manner indicated on July 5, 2016:

**Darrin C. Lavine**
2170 W. SR 434, Suite 260
Longwood, Florida 32779
*Pro Se and as Trustee for TWM Properties*
via U.S. mail

**Tanya N. Garrison**
Tgarrison@wkpz.com
**Jeremy A. Roberts**
Jroberts@wkpz.com
WEYCER KAPLAN PULASKI & ZUBER P.C.
11 Greenway Plaza, Ste. 1400
Houston, Texas 77046
(713) 961-9045 (Telephone)
(713) 961-5341 (Facsimile)
*Attorneys for Argent*
via the Court's electronic service

/s/ Elizabeth K. Duffy
*Attorney for Defendants*